# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| 16 FRONT STREET LLC, and<br>C. RICHARD COTTON,<br><br>Plaintiffs,<br><br>v.<br><br>MISSISSIPPI SILICON, LLC,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 1:14-cv-183-SA-DAS |

## Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiffs 16 Front Street LLC and C. Richard Cotton (collectively, "Plaintiffs"), respectfully move the Court for entry of a temporary restraining order and preliminary injunction, enjoining defendant Mississippi Silicon, LLC ("MS Silicon") from continuing to construct a major source of air pollutants in Burnsville, Tishomingo County, Mississippi, until such time as MS Silicon obtains a permit issued in accordance with the public participation requirements mandated by 42 U.S.C. § 7470, *et seq.*, and the Mississippi State Implementation Plan ("SIP"), and in support hereof state:[1]

    1.    MS Silicon currently is constructing a major emitting facility, as that term is defined in 42 U.S.C. § 7479, in Burnsville, Tishomingo County, Mississippi (the "Plant").

---

[1] Plaintiffs incorporate by reference Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction, the accompanying Declaration of Ronnie Musgrove, and all exhibits attached thereto. The Declaration is identified as Exhibit "1" and the attachments to the Declaration are identified Exhibits "A" through "G".

2. MS Silicon has an air construction permit issued by Mississippi Department of Environmental Quality ("MDEQ") on about November 27, 2013. *See* Declaration of Ronnie Musgrove, dated September 30, 2014 ("Musgrove Dec."), filed concurrently herewith, ¶ 4 and Attachment A thereto ("Permit").

3, In issuing the Permit, MDEQ did not afford the public the opportunities to participate in the decision-making process that are guaranteed under 42 U.S.C. § 7475(a)(2), APC-S-2, APC-S-5 and 40 C.F.R. §§ 51.161(b)(2) and 51.166(q). Specifically, the public was not given 30 days in which to submit comments, was not given any opportunity in Tishomingo County to review the permit application and air quality impact modeling submitted by MS Silicon, and was not given an opportunity to appear and submit written and oral comments on the draft permit, air quality impacts and control technology determinations at a public hearing. *See* Musgrove Dec. ¶¶ 5-8 and Attachments B ("Notice"), C(i) ("Draft Permit"), C(ii) ("Public Notice"), C(iii) ("Preliminary Determination"), C(iv) ("PSD Air Quality Impact Analysis Project Summary"), D ("Receipt"), and E ("Addendum #1") thereto.

4. In collusion with MS Silicon, MDEQ intentionally short-circuited the public participation process to prevent Nucor Corporation, a competitor of MS Silicon affiliate Big River Steel LLC, from learning about and objecting to the MS Silicon permit. *See* Musgrove Dec., ¶¶ 9-10 and Attachments F and G thereto.

5. As a result of the defects in the public participation process referenced above, the permit issued to MS Silicon is not a "PSD permit" issued in accordance with the requirements of 42 U.S.C. § 7470, *et seq.*, and the SIP.

- 3 -

7. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may and should enjoin MS Silicon from continuing to construct the Plant without any showing of irreparable harm to Plaintiffs or any other factor generally required for preliminary injunctive relief, because MS Silicon is in violation of statutory law and because the misconduct at issue was willful.

WHEREFORE, for all the foregoing reasons, and as further elaborated in the Memorandum in Support, Plaintiffs request that the Court grant the instant motion, and:

1) Enter a temporary restraining order against MS Silicon, enjoining MS Silicon from continuing to construct the Plant until a hearing may be conducted;

2) Enter an order setting Plaintiffs' motion for a hearing, pursuant to Rule 65, at the Court's earliest convenience;

3) Enter an order granting a preliminary injunction against MS Silicon, enjoining MS Silicon from continuing to construct the Plaint until a judgment is entered on the merits herein; and

4) Award all other just and equitable relief for Plaintiffs.

Respectfully submitted,

s/ Ronnie Musgrove
RONNIE MUSGROVE (MSB #3698)
*Attorney for Plaintiffs, 16 Front Street LLC and C. Richard Cotton*

OF COUNSEL:

**MUSGROVE/SMITH LAW**
1635 Lelia Drive, Suite 104 (39216)
Post Office Box 4670
Jackson, Mississippi 39296
Tel: 601.852.1696 / Fax: 601.852.1714

## CERTIFICATE OF SERVICE

  I hereby certify that on September 30, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. I hereby further certify that I have served via electronic mail the foregoing document to the following non-ECF participants:

Rebecca Lee Wiggs
Keith W. Turner
WATKINS & EAGER PLLC
400 East Capitol Street (39201)
Post Office Box 650
Jackson, Mississippi 39205
Tel: 601.965.1900 / 601.965.1901
*rwiggs@watkinseager.com*
*kturner@watkinseager.com*

(Upon information and belief they are counsel for Mississippi Silicon, LLC)


        s/ Ronnie Musgrove
        RONNIE MUSGROVE (MSB #3698)
        *Attorney for Plaintiffs, 16 Front Street LLC and C. Richard Cotton*