# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

### CIVIL ACTION NO.: 1:14-CV-00183-SA-DAS

---

### 16 FRONT STREET LLC AND C. RICHARD COTTON

### VERSUS

### MISSISSIPPI SILICON LLC

---

### NUCOR STEEL DECATUR, LLC' S
### <u>MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE</u>

BRADLEY MURCHISON KELLY & SHEA LLC

BRIAN A. COWAN, T.A. (MS #9589)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Tel.: 318-227-1131
Fax: 318-227-1141

KIMBERLY C. DELK (MS #101063)
1100 Poydras St., Ste. 2700
New Orleans, LA 70163-2700
Tel.: (504) 596-6300
Fax: (504) 596-6301

GILPIN GIVHAN, PC
JONATHAN S. HARBUCK  (MS# 101877)
3595 Grandview Parkway, Suite 400
Birmingham, Alabama  35243

ATTORNEYS FOR NUCOR STEEL
DECATUR, LLC

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ...............................................................................................1

ARGUMENT ......................................................................................................4

I.   NUCOR HAS A RIGHT TO INTERVENE IN THIS ACTION .......................................4

    A.   Nucor's Motion is Timely.........................................................................5

    B.   Nucor has an Interest in the Subject of Plaintiffs' Action ........................9

    C.   Nucor's Interests Will, as a Practical Matter, be Impaired if
        Intervention is Denied..........................................................................11

    D.   Neither Plaintiffs nor any Other Party Adequately Represent
        Nucor's Interests ................................................................................13

II.   IN THE ALTERNATIVE, NUCOR SATISFIES THE REQUIREMENTS
     FOR PERMISSIVE INTERVENTION....................................................................14

CONCLUSION AND PRAYER FOR RELIEF .......................................................15

CERTIFICATE OF SERVICE ............................................................................17

# TABLE OF AUTHORITIES

**Page**

## Cases

*Assoc. of Professional Flight Attendants v. Gibbs*,
  804 F.2d 318 (5th Cir. 1986) ............................................................................6

*Atlantis Dev. Corp. v. United States*,
  379 F.2d 818 (5th Cir. 1967) ..........................................................................11

*Ceres Gulf v. Cooper*,
  957 F.2d 1199 (5th Cir. 1992) ...........................................................................5

*City of Houston v. Am. Traffic Solutions, Inc.*,
  668 F.3d 291 (5th Cir. 2012) .............................................................................5

*Corley v. Jackson Police Dep't*,
  755 F.2d 1207 (5th Cir. 1985) ...........................................................................6

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ...........................................................................5, 6

*Engra, Inc. v. Gabel*,
  958 F.2d 643 (5th Cir. 1992) .............................................................................6

*Ford v. City of Huntsville*,
  242 F.3d 235 (5th Cir. 2001) ...........................................................................5, 9

*Gaines v. Dixie Carriers*,
  434 F.2d 52 (5th Cir. 1970) .............................................................................13

*Howse v. S/V Canada Goose I*,
  641 F.2d 317 (5th Cir. 1981) ...........................................................................14

*Huron Envtl. Activist League v. EPA*,
  917 F. Supp. 34 (D.D.C. 1996) .........................................................................11

*In re Lease Oil Antitrust Litigation*,
  570 F.3d 244 (5th Cir. 2009) .............................................................................5

*John Doe No. 1 v. Glickman*,
  256 F.3d 371 (5th Cir. 2001) .............................................................................5

*Jones v. Caddo Parish Sch. Bd.*,
    735 F.2d 923 (5th Cir. 1984) ...........................................................................6

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
    690 F.2d 1203 (5th Cir. 1982), *on reh'g en banc*,
    732 F.2d 452 (5th Cir. 1984) ...........................................................................15

*NRDC v. EPA*,
    99 F.R.D. 607 (D.D.C. 1983) ...........................................................................11

*Reeves v. Int'l Tel. & Tel. Corp.*,
    616 F.2d 1342 (5th Cir. 1980) ...........................................................................7

*Sierra Club v. Espy*,
    18 F.3d 1202 (5th Cir. 1994) ......................................................................5, 6, 7

*Skinner v. Weslaco Indep. Sch. Dist.*,
    220 F.3d 584 (5th Cir. 2000) ...........................................................................13

*Smith v. Missouri Pac. R. Co.*,
    615 F.2d 683 (5th Cir. 1980) ............................................................................6

*Smith Petroleum Serv. Inc. v. Monsanto Chemical Co.,*
    420 F.2d 1103 (5th Cir. 1970) ...........................................................................7

*Stallworth v. Monsanto Co.*,
    558 F.2d 257 (5th Cir. 1977) .......................................................................6, 14

*Trbovich v. United Mine Workers*,
    404 U.S. 528 (1972) ..........................................................................................13

## **Statutes**

42 U.S.C. § 7475(a)(1) ...........................................................................................2

42 U.S.C. §§ 7475(a)(2) ........................................................................................11

42 U.S.C. §§ 7475(a)(a)(2) ..................................................................................3, 4

42 U.S.C. §§ 7475(e)(3)(C) ...................................................................................3

42 U.S.C. § 7604(a)(3) ..........................................................................................12

40 C.F.R. § 51.160 ..................................................................................................2

40 C.F.R. § 51.161 ................................................................................................................2

40 C.F.R. § 51.161(b)(2) .......................................................................................................2

40 C.F.R. § 51.166(q) ...........................................................................................................2

40 C.F.R. § 51.166(q)(2)(ii) ...............................................................................................2, 3

40 C.F.R. § 51.166(q)(2)(iii) ..................................................................................................2

40 C.F.R. § 51.166(q)(2)(v) ................................................................................................3, 4

40 C.F.R. § 51.166(q)(v) ......................................................................................................11

40 C.F.R. § 52.21 ................................................................................................................11

Federal Rule of Civil Procedure 24(a) ...................................................................................5

Federal Rule of Civil Procedure 24(a)(2) .....................................................................4, 5, 11

Federal Rule of Civil Procedure 24(b)(2) .............................................................................14

APC-S-2 .............................................................................................................................11

APC-S-5 ..........................................................................................................................2, 11

Miss. Code § 1-3-67 .............................................................................................................3

Code Miss. R. 11-1-4.(2)(D) ..................................................................................................3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

16 FRONT STREET LLC AND
C. RICHARD COTTON

                Plaintiffs

v.                               CIVIL ACTION NO. 1:14-CV-00183-SA-DAS

MISSISSIPPI SILICON LLC

                Defendant

**NUCOR STEEL DECATUR, LLC' S**
**<u>MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE</u>**

      Nucor Steel Decatur, LLC, a wholly owned subsidiary of Nucor Corporation ("Nucor"), respectfully submits the following memorandum in support of its Motion for Leave to Intervene ("Nucor's Motion").

## INTRODUCTION

      Nucor's Motion for Leave to Intervene springs from the actions of Defendant Mississippi Silicon, LLC ("MS Silicon") and Mississippi Department of Environmental Quality ("MDEQ") during the permitting process for MS Silicon's proposed silicon metal manufacturing plant in which the public participation process for the proposed facility's Prevention of Significant Deterioration ("PSD") permit was violated in direct contravention of the Mississippi state implementation plan ("SIP") and the Clean Air Act ("CAA"). The failure to comply with the Mississippi SIP and CAA has resulted in MS Silicon's constructing its facility without a PSD permit, and has caused and will continue to cause injuries to Nucor for which the law allows

1

recourse to the courts. Accordingly, Nucor seeks to intervene in the underlying action and file its Complaint, attached to Nucor's Motion as Exhibit "A," as is necessary to protect its interests.

The CAA and the Mississippi SIP prohibit the construction of a new major source of air pollutants, such as the proposed MS Silicon facility, unless the permit has been issued in accordance with the PSD rules and regulations. 42 U.S.C. § 7475(a)(1). Under the Mississippi SIP, a PSD permit may not issue unless the permit applicant, here, MS Silicon, and MDEQ meet all applicable procedural requirements, including the following:

1. MDEQ must publish public notice of the preliminary determination to issue a permit in a newspaper of general circulation in the affected region. The notice must inform the public of the opportunity to comment at a public hearing and to submit written comments. 40 C.F.R. § 51.166(q)(2)(iii).

2. MDEQ must make available, in the affected region, "a copy of all materials the applicant submitted," the preliminary determination, and other materials considered in making the preliminary determination. 40 C.F.R. § 51.166(q)(2)(ii).

3. MDEQ must provide at least 30 days for public review of the documents made available by MDEQ and submittal of comments by the public. 40 C.F.R. § 51.161(b)(2).[1]

---

[1] 40 C.F.R. §§ 51.160-161 are not explicitly incorporated by APC-S-5. These sections, however, provide minimum participation requirements for EPA approval of all state permit programs, including minor source construction permits, synthetic minor operating permits, non-attainment new source review permits, and PSD permits. § 51.166(q) provides *additional* public participation requirements specific to PSD permit programs, such as requirements to notify the public about the degree of the expected PSD increment consumption. § 51.166(q) is not, however, a stand-alone procedure. For example, it lacks any reference to *how many days* the public must be given to comment on a proposed permit. § 51.166(q) can only be read in conjunction with §§ 51.160-161. Thus, the incorporation of § 51.166(q) in APC-S-5 necessarily implies the incorporations of §§ 51.160-161. Otherwise, EPA would have no authority to approve the SIP.

    4. MDEQ must hold a public hearing, providing an opportunity for interested persons to make written or oral comments. 42 U.S.C. §§ 7475(a)(a)(2) and (e)(3)(C); 40 C.F.R. § 51.166(q)(2)(v).

In the instant case, MS Silicon submitted an air permit construction application to MDEQ in August 2013 and a supplemental air quality impact modeling report in early October 2013. MDEQ made a preliminary determination to issue an air construction permit to MS Silicon on October 21, 2013. Upon information and belief, Nucor contends that the permit application and subsequent permit are flawed and that emissions from the facility will exceed the limitations set in the permit. MS Silicon and MDEQ believed, rightfully so, that Nucor[2] might exercise its statutory right to comment on the proposed permit, something which they desired to avoid, and worked to curtail and frustrate the CAA public participation mandate. MDEQ published notice of its intent to issue a permit to MS Silicon in a local newspaper on October 24, 2013. Given that the day of notice does not count towards the comment period under Miss. Code § 1-3-67, the comment period should have extended until November 23, 2013. Instead, the notice states that the draft permit and certain other materials would be available at the Burnsville Public Library and that written comments must be submitted no later than November 22, 2013 - one day short of the shortest legally allowed period. Consequently, under governing law, MDEQ was without legal power to issue the permit when it did. Code Miss. R. 11-1-4.(2)(D).

In addition to the failure to provide the minimum statutory public comment period, MS Silicon and MDEQ failed, presumably intentionally, to make available to the public for inspection during even the abbreviated period the full permit application and air quality impact modeling submitted by MS Silicon as required by 40 C.F.R. § 51.166(q)(2)(ii). Upon

---

[2] It is unclear from the information currently known, which of the various subsidiaries of Nucor Corporation MDEQ and MS Silicon targeted or if their intent was directed to the Nucor Corporation family of companies generally.

information and belief, Burnsville Public Library only received the draft permit, a copy of the Notice, MDEQ's preliminary determination to issue the permit and an air quality impact analyses summary prepared by MDEQ and MS Silicon. Entirely excluded was MS Silicon's application, air quality impact modeling reports, or any other information submitted by MS Silicon in support of the permit. Moreover, the reports that were made available were mere summaries that improperly reflected the level of emissions from the proposed facility by about 50%. Finally, MDEQ did not hold a public hearing on the permit before its issuance in violation of 42 U.S.C. §§ 7475(a)(a)(2) and (e)(3)(C) and 40 C.F.R. § 51.166(q)(2)(v). These actions crippled Nucor's statutory right to review and comment.

On November 27, 2013, MDEQ issued permit no. 2640-00060 ("Permit") to MS Silicon, purporting to authorize MS Silicon to construct a new silicon metal manufacturing facility. Subsequently, Plaintiffs 16 Front Street, LLC and C. Richard Cotton filed their Complaint on September 29, 2014, challenging MS Silicon's construction of its facility without a PSD permit. Nucor now seeks to intervene to protect its interests.

## ARGUMENT

### I.     NUCOR HAS A RIGHT TO INTERVENE IN THIS ACTION

Federal Rule of Civil Procedure 24(a)(2) confers an absolute right to intervene in an action upon:

1. A timely application;

2. Asserting an interest relating to the property or transaction which is the subject of the action;

3. Where the movant is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and

4.   The movant's interest is inadequately represented by the existing parties.

Fed. R. Civ. P. 24(a). *See City of Houston v. Am. Traffic Solutions, Inc.*, 668 F.3d 291, 293 (5th Cir. 2012). These requirements are construed liberally in favor of intervention. *See In re Lease Oil Antitrust Litigation,* 570 F.3d 244, 248 (5th Cir. 2009). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) ("*Glickman*") (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1295 (5th Cir. 1994) ("*Espy*")); *see also Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (noting that the Rule 24(a)(2) inquiry is "a flexible one" and "must be measured by a practical rather than technical yardstick"). As set forth below, Nucor satisfies all four requirements, and therefore has an absolute right to intervene under Rule 24(a)(2).

### A.  Nucor's Motion is Timely

In assessing the timeliness of a motion to intervene, courts consider: (1) how long the movant knew or reasonably should have known of its stake in the case; (2) the prejudice, if any, the existing parties may suffer because the movant failed to intervene when it knew or reasonably should have known of its stake in that case; (3) the prejudice the movant may suffer if the court does not allow it to intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness. *See Glickman*, 256 F.3d at 375; *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). These factors are merely a framework and not a formula for determining timeliness. *Glickman*, 256 F.3d at 375; *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996). Accordingly, a motion to intervene may be timely even if all the factors do not weigh in favor of a finding of timeliness. *Glickman*, 256 F.3d at 375.  The timeliness clock runs either from the time the applicant knew or reasonably should have known of his interest, or from the time he became aware that his interest would no longer be protected by the existing

5

parties to the lawsuit. *See Espy*, 18 F.3d at 1206; *Stallworth v. Monsanto Co*., 558 F.2d 257, 264 (5th Cir. 1977).

Here, there can be no dispute that Nucor's motion is timely filed. First, Plaintiffs instituted this lawsuit on September 29, 2014 - less than two months ago. The Fifth Circuit holds timely motions to intervene filed within such time periods. *See, e.g., Espy*, 18 F.3d 1202 (motion found timely when made within two months of movant becoming aware that its interests were affected); *Assoc. of Professional Flight Attendants v. Gibbs*, 804 F.2d 318 (5th Cir. 1986) (five month lapse found not unreasonable). Indeed, as noted by the Fifth Circuit, the fact that Nucor's Motion is "filed prior to entry of judgment favors timeliness, as most of our case law rejecting petitions for intervention as untimely concern motions filed after judgment was entered in the litigation." *Edwards*, 78 F.3d at 1001; *see also, e.g., Engra, Inc. v. Gabel*, 958 F.2d 643 (5th Cir. 1992); *Corley v. Jackson Police Dep't*, 755 F.2d 1207 (5th Cir. 1985); *Jones v. Caddo Parish Sch. Bd*., 735 F.2d 923 (5th Cir. 1984); *Smith v. Missouri Pac. R. Co*., 615 F.2d 683 (5th Cir. 1980).

Second, Nucor's Motion does not prejudice any party. Counsel for Nucor has conferred via email with Plaintiffs' counsel, who has stated that Plaintiffs do not oppose Nucor's intervention. Not surprisingly, counsel for the defendant, MS Silicon, opposes Nucor's intervention. However, Nucor can fathom no legitimate objection, considering the infancy of this proceeding, where responsive pleadings have not yet been filed and indeed are not due until November 24, 2014. Upon information and belief, discovery has not even begun. The only matter currently set for hearing is Plaintiffs' Motion for Preliminary Injunction and Nucor's intervention will not impact that hearing date. Nucor's intervention will also not affect the supplemental briefing related to subject matter jurisdiction as requested in the Court's Order

6

issued November 7, 2014, as Nucor is filing concurrently herewith a proposed brief in support of subject matter jurisdiction in accordance with the Court's November 21 deadline. With no legitimate basis to object, MS Silicon's objection can only be construed as an objection to the apparent inconvenience of allowing Nucor to participate in this litigation, an insupportable objection under the circumstances. *See Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1349 (5th Cir. 1980) (intervention is timely when substantial litigation of issues has not begun); *Smith Petroleum Serv. Inc. v. Monsanto Chemical Co.,* 420 F.2d 1103, 1115 (5th Cir. 1970) (same); *see generally Espy*, 18 F.3d at 1206 ("[p]rejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation.").

Third, Nucor may suffer serious prejudice if its Motion is denied. The evidence currently available suggests that MS Silicon and MDEQ intended to prevent Nucor from receiving notice of the permit and to avoid Nucor's review and possible comment on the permit. We submit that the targeting of Nucor as the object of the public participation defects is tantamount to an admission by MDEQ and MS Silicon that Nucor would have an interest in participating in the permitting process. The shortening of the comment period and the failure to provide the minimum required information for public review thwarted Nucor's ability to participate in the process in any way, much less a meaningful way, to the prejudice of Nucor. This prejudice to Nucor weighs heavily in favor of permitting intervention.

Finally, "unusual circumstances" clearly weigh in favor of finding Nucor's Motion timely. As stated above, the public participation process, or lack thereof, was in violation of the Mississippi SIP and CAA, and specifically targeted Nucor with the apparent intent to obscure from the public in general the proposed permit record and to specifically try to prevent Nucor

from utilizing its statutory right to comment. Internal MDEQ emails leading up to the issuance of the proposed Permit demonstrate MDEQ and MS Silicon's concern that Nucor might exercise its statutory right to comment on the proposed permit. In an internal MDEQ e-mail sent August 21, 2013, Ms. Bonnie Gray Morgan wrote, in relevant part:

> On a side note, I do plan on at some point testing the temperature of the waters with **Nucor** to get their feelings on this project. Why this is important is because of the history of these people and **Nucor**. It's possible that **Nucor** will make comments at the last minute to extend the final permit such that we may need to hold a public hearing during the public notice period so that we can resolve all comments as quickly as possible so that the facility can have a final permit in place for financing as soon as possible.

R. Doc. 17 (emphasis added).

To avoid dealing with comments from Nucor, MDEQ improperly shortened the period for public comment, untimely submitted the permitting documents to the public library and, even then, submitted distorted summaries in lieu of the statutorily required reports, information and other data. Importantly, the supplemental air quality impact modeling report was not made available to public review, nor was any public hearing set before issuance of the Permit.

MS Silicon deemed their efforts a success. In an email to MS Silicon, Steve Frey, its environmental consultant for the Permit, wrote: "MDEQ was concerned about potential comments from Nucor, however they did a good job heading that off." R. Doc. 18. Ahab Garas, an agent for MS Silicon, forwarded the message to the Mississippi Development Authority ("MDA"), stating, "Team MDA and MDEQ in action!" *Id.* He followed that message with another, stating:

> Today we received the most welcome news that Mississippi Silicon's comment period for permitting has expired with no comments received at all. As confirmed by MDEQ this morning, this means that the permits are done and the [*sic*] there is no appeal process (**since only those who commented during the comment period could have standing to appeal**) …

*Id.* (emphasis added).

MS Silicon and MDEQ knew that Nucor would be concerned about the proposed facility and took affirmative action to impair, impede or frustrate entirely Nucor's ability to comment and otherwise participate. This improper limitation of Nucor's right to public participation clearly represents "unusual circumstances" weighing in favor of finding that Nucor's intervention is timely.

For these reasons, it should be clear that Nucor's motion is timely filed.

### B. Nucor has an Interest in the Subject of Plaintiffs' Action

The second condition to intervention as of right requires the movant to have an interest relating to the property or transaction that is the subject of the underlying action. "In the context of intervention, the Fifth Circuit has warned against defining 'property or transaction' too narrowly." *Ford*, 242 F.3d at 240.

Nucor has a clear and concrete interest in the transaction underlying this action. The propriety of the public participation process and, ultimately, whether MS Silicon is allowed to continue construction of its facility without a PSD Permit, affects Nucor in several significant ways. MS Silicon is allegedly permitted for and does intend to construct a "major emitting facility" as that term is defined under the CAA. MS Silicon's Permit authorizes its facility to emit at least 2,270 tons per year of $SO_2$, 1,906 tons per year of $NO_x$, and 1,444 tons per year of CO. Nucor's Decatur facility is only approximately 74 miles from the proposed MS Silicon facility and is downwind from it. Put simply, it is certain that emissions, particularly the fine particulate matter transmitted long distances through the air known as $PM_{2.5}$[3], from the MS Silicon facility will unquestionably impact Nucor's plant.

---

[3] *See, e.g.,* EPA at: http://www.epa.gov/airquality/particlepollution/health.html.

The impacts to Nucor from these emissions and the underlying process by which MS Silicon obtained its Permit are numerous and can be segregated for discussion purposes as follows:

**Environmental Harm**. Nucor has a significant and tangible interest in the air quality surrounding its facility and will undoubtedly be harmed by MS Silicon's emissions. MS Silicon's facility will emit thousands of tons of pollutants which will travel a short distance downwind and impact Nucor's facility, its workforce and its potential workforce, its ancillary facilities and the vendors and other people in the area upon whom Nucor relies. Like all employers, Nucor has a practical, economic interest in maintaining a healthy, contented, and motivated workforce, as well as a pool of healthy potential employees. Having healthy employees, and a healthy potential workforce pool, helps minimize the amount of time that Nucor's employees miss at work due to illness, thus preventing scheduling issues, missed shifts, sick leave and other loss. Without a healthy and fully staffed workforce, Nucor's mills would be unable to maintain fully operational status. The mills would also struggle to meet Nucor's targeted production output. For these reasons, Nucor clearly has a vital interest in the air quality of its facility and the surrounding areas.

**Economic Harm.** Nucor's facility is situated in an attainment zone which is subject to a NAAQS requirement for $SO_2$, $NO_x$ and CO. Put simply, the addition of MS Silicon's airborne emissions into Nucor's site will decrease the margin below the NAAQS for future growth and expansion of Nucor's operations or facilities and will, or may, decrease the available PSD increment to the prejudice of Nucor. Although it is clear that the emissions from the proposed MS Silicon facility will adversely affect Nucor, the adverse affects are significantly compounded if, as it appears from the information currently known, the actual emissions have been

10

understated by 50%. Thus, it is clear that the construction of the MS Silicon facility will adversely affect Nucor.

**Procedural Harm.** Nucor is clearly an "interested person" with a right to comment and participate in the permitting process. 42 U.S.C. §§7475(a)(2). The right to comment and participate in the permitting process is statutorily provided to Nucor by the Mississippi SIP and the CAA. *Id.* (stating that a public hearing must be held before issuing a permit and commencing construction on a major emitting facility, where any "interested persons" may appear and submit comments on the air quality impacts of and control technology requirements for the new major source); 40 C.F.R. § 51.166(q)(v); 40 C.F.R. § 52.21; APC-S-2; APC-S-5. This right has been denied by MDEQ and MS Silicon's actions and statutory shortcomings. Accordingly, Nucor has suffered a procedural injury – the deprivation of a clear statutory right.

Nucor is an interested party and has an unequivocal, statutorily-provided right to take part in the public participation process concerning the MS Silicon Permit. Consequently, Nucor has an interest relating to the "transaction" at issue in Plaintiffs' suit. Under these circumstances, Nucor's right to intervene is plain.

## C. Nucor's Interests Will, as a Practical Matter, be Impaired if Intervention is Denied.

The third condition to intervention as of right requires that the movant's interests be impaired if intervention is denied. The test for impairment under Rule 24(a)(2) is whether the would-be intervenor could suffer "practical disadvantage" if intervention were denied. *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 829 (5th Cir. 1967); *NRDC v. EPA*, 99 F.R.D. 607 (D.D.C. 1983); *Huron Envtl. Activist League v. EPA*, 917 F. Supp. 34 (D.D.C. 1996). Nucor clearly satisfies this prong.

As described in Section I(B) above, MS Silicon and MDEQ's obfuscation of the permitting materials and curtailment of the public participation process denied Nucor the ability to protect its environmental, economic and procedural interests. Nucor does not wish to rehash the details of these injuries, but suffice to say, they are substantial. If Nucor's Motion for Leave to Intervene is denied, Nucor will be unable to protect its interests and will thus suffer a "practical disadvantage."

There is little question that Nucor would have utilized its ability to comment during the public comment period if given the chance. MDEQ's own comments in its internal email acknowledge as much. There appear to be a multitude of defects in MS Silicon's permit application and Permit. Upon information and belief, Nucor contends that emissions from the proposed MS Silicon facility will exceed its permitted limits and these emissions will impact the Nucor facility and surrounding area. Had Nucor learned of the MS Silicon permit application and properly been given an opportunity to take part in the statutorily-provided public participation process, it would likely have submitted comments during the public comment period. If Nucor's comments were not addressed to its satisfaction by MDEQ, as a commenter, Nucor would have had the right to request an administrative hearing to challenge the permit defects or flaws identified by Nucor, together with all the rights of judicial review flowing from the administrative hearing. However, Nucor fell victim to the, targeted efforts to curtail its ability to participate knowledgeably in the process - in violation of a basic tenet of the CAA and the Mississippi SIP.

Further, should intervention be denied, Nucor will be forced to bring a separate citizen's suit under 42 U.S.C. § 7604(a)(3) of the CAA to protect its interests that have been harmed. The Fifth Circuit has held that a potential intervenor is prejudiced if a court's denial of a motion to

intervene will force the intervenor to institute a separate action under the same facts. *Skinner v. Weslaco Indep. Sch. Dist.*, 220 F.3d 584 (5th Cir. 2000) (reversing lower court's denial of motion to intervene because if the intervenor "cannot intervene in the instant suit, he will be forced to institute a separate action"); *see also Gaines v. Dixie Carriers*, 434 F.2d 52, 54 (5th Cir. 1970) (reversing lower court's denial of motion to intervene because a discharged firm would have had to initiate a subsequent action to collect the fees allegedly generated in the existing litigation). Likewise, a separate action by Nucor could result in conflicting judgments and would certainly represent a waste of time and resources for both the parties and the judiciary. Accordingly, Nucor's Motion should be granted.

### D. Neither Plaintiffs nor any Other Party Adequately Represent Nucor's Interests

Finally, intervention as of right requires that a potential intervenor demonstrate that its interests *may* not be adequately represented by existing parties – a burden that is treated as "minimal." *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Nucor more than meets this standard.

As described above, the measures taken by MS Silicon and MDEQ which underlie this action were apparently targeted at Nucor, as evidenced by the emails among them which specifically mention Nucor by name. Nucor is at the very center of this controversy. Indeed, the Complaint filed by Plaintiffs posits that the fear that Nucor might exercise its right to comment on the MS Silicon Permit was the motivation for the curtailment of the public participation process. Put simply, given that Nucor makes up such a central part of the case, it should be permitted to speak for itself.

Additionally, Nucor stands to suffer injuries distinct from that faced by the other Plaintiffs if the Permit is deemed a valid PSD Permit. Only Nucor will allege the potential for

substantial environmental injury to its workforce, potential workforce, vendors and ancillary facilities. Only Nucor will allege injury to its economic interests in the form of increased regulation and expense due to emissions in its area. Only Nucor has alleged a direct procedural injury. These alleged harms are entirely different from those alleged by Plaintiffs. Thus, it is entirely possible that Plaintiffs could settle their litigation with MS Silicon, allowing the facility construction to go forward, without ever addressing Nucor's concerns. This possibility makes it even more imperative that this Court allow Nucor to intervene to address its own concerns regarding the Permit.

For all of the foregoing reasons, it is clear that Nucor meets the "minimal" burden of showing that Plaintiffs will not adequately represent its interests.

## II.   IN THE ALTERNATIVE, NUCOR SATISFIES THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

While Nucor believes that it may intervene in this matter as of right, if the Court were to disagree that this entitlement is absolute, Nucor should still be permitted to join the underlying action pursuant to the doctrine of permissive intervention. "Determining whether an individual should be permitted to intervene is a two-stage process. First, the district court must decide whether 'the applicant's claim or defense and the main action have a question of law or fact in common.'" *Stallworth*, 558 F.2d at 269; *see* Fed. R. Civ. P. 24(b)(2). This determination is not discretionary; rather, it is a question of law. *Id.*; *Howse v. S/V Canada Goose I*, 641 F.2d 317, 322 (5th Cir. 1981). If this threshold requirement is met, then the district court must exercise its discretion in deciding whether intervention should be allowed. *Id.* "The central question in examining a motion for permissive intervention is whether or not such intervention would further the interests of justice, the rights of the parties, and efficient judicial administration." *New*

14

*Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co*., 690 F.2d 1203, 1215 (5th Cir. 1982), *on reh'g en banc*, 732 F.2d 452 (5th Cir. 1984).

Nucor easily satisfies the first requirement. It cannot be disputed that Nucor's claims share common questions of fact and law with the main action.

The discretionary factors in the second part of the permissive intervention test also clearly favor allowing Nucor to intervene in this matter. Allowing Nucor's intervention is plainly in the furtherance of the interests of justice. For the sake of brevity, Nucor will not re-iterate its arguments from Section I above. However, it is clear that Nucor has significant interests at stake in this matter and that it may only be able to adequately protect its environmental, economic and procedural interests if it is allowed to intervene. Furthermore, the very nature of the actions taken to suppress Nucor from taking part in the public participation aspect of the permitting process, as is Nucor's statutory right, should weigh heavily in favor of granting intervention.

Finally, the interests of efficient judicial administration would be furthered by permitting Nucor to intervene because it would prevent the necessity of Nucor bringing a separate citizen's suit concerning similar allegations. Such a result could lead to conflicting judgments and clearly would be a waste of judicial resources.

### CONCLUSION AND PRAYER FOR RELIEF

For these reasons, this Court should grant Nucor Steel Decatur, LLC's Motion for Leave to Intervene. Nucor Steel Decatur, LLC, prays for the following relief:

1) For an order granting its Motion for Leave to Intervene; and

2) For an order directing the clerk to file Nucor Steel Decatur, LLC's Complaint.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC


By:     /s/ Brian A. Cowan
        BRIAN A. COWAN, T.A. (MS #9589)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Tel.: 318-227-1131
Fax: 318-227-1141

KIMBERLY C. DELK (MS #101063)
1100 Poydras St., Ste. 2700
New Orleans, LA 70163-2700
Tel.: (504) 596-6300
Fax: (504) 596-6301

GILPIN GIVHAN, PC
JONATHAN S. HARBUCK  (MS# 101877)
3595 Grandview Parkway, Suite 400
Birmingham, Alabama  35243

ATTORNEYS FOR NUCOR STEEL DECATUR,
LLC

16

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 21st day of November 2014, served a copy of the foregoing pleading upon all counsel of record and the parties named herein by either serving the counsel through the Court's ECF system, facsimile transmission, email and/or by placing same in the U.S. Mail, postage prepaid and properly addressed to the following:

Martin T. Booher
Baker & Hostetler LLP
1900 East Ninth Street, Suite 3200
Cleveland, Ohio 44114-3482
*Counsel for Mississippi Silicon LLC*

Mark W. Delaquil
Peter C. Whitfield
Baker & Hostetler LLP
1050 Connecticut Avenue NW, Suite 1200
Washington, D.C. 20036
*Counsel for Mississippi Silicon LLC*

Keith W. Turner
Rebecca Lee Wiggs
Watkins & Eager, PLLC
400 East Capitol Street
Jackson, Mississippi 93205
*Counsel for Mississippi Silicon LLC*

Deborah E. Jennings
DLA Piper
500 8th Street NW
Washington, D.C. 20004
*Counsel for Plaintiffs*

Ronnie Musgrove
Musgrove Smith Law
1635 Leila Drive, Suite 104
P.O. Box 4670
Jackson, MS 39296
*Counsel for Plaintiffs*

Shreveport, Louisiana, this 21st day of November 2014.

_____
/s/ Brian A. Cowan
OF COUNSEL