IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**16 FRONT STREET, LLC AND**
**C. RICHARD COTTON**                                                **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO. 1:14-CV-00183-DB-DAS**

**MISSISSIPPI SILICON LLC AND**
**GARY C. RIKARD, EXECUTIVE DIRECTOR**
**OF THE MISSISSIPPI DEPARTMENT OF**
**ENVIRONMENTAL QUALITY AND**
**MISSISSIPPI ENVIRONMENTAL QUALITY**
**PERMIT BOARD**                                          **DEFENDANTS**

**MOTION OF DEFENDANT GARY C. RIKARD, IN HIS OFFICIAL CAPACITY, TO DISMISS PURSUANT TO FRCP 12(B) AND JOINDER IN ARGUMENTS OF DEFENDANT MISSISSIPPI SILICON, LLC IN ITS MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION (ECF DOC # 25) AND SUPPLEMENTAL MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION (ECF DOC # 43)**

NOW COMES, through undersigned counsel, GARY C. RIKARD, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY AND AS EXECUTIVE DIRECTOR OF THE MISSISSIPPI ENVIRONMENTAL QUALITY PERMIT BOARD, who respectfully moves this Honorable Court to dismiss the above captioned matter pursuant to Federal Civil Rules of Procedure 12(b), and for the reasons set forth in Defendant Mississippi

Silicon's Response in Opposition of Motion for Temporary Restraining Order (Doc. # 25) and the Defendant's Supplemental Memorandum Regarding Subject Matter Jurisdiction (Doc. #43). Rikard expressly joins in those arguments asserted by MS Silicon it is filings at ECF Doc # 25 and ECF Doc # 43. Further, Rikard respectfully submits that Plaintiffs' claims are barred by the Eleventh Amendment, that no exception to the sovereign immunity exists with regard to the Plaintiffs' claims, and therefore this Court is without subject matter jurisdiction over this lawsuit. For these reasons, this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Further, this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as the Plaintiffs have failed to state a claim upon which relief can be granted, as the Clean Air Act authorizes citizen suits to be brought against the state *only* when a state has allegedly violated "an emission standard or limitation" which has not occurred in this matter.

THEREFORE, Defendant Rikard, in his official capacity, moves this Court to hold that it lacks jurisdiction over this matter and dismiss it with prejudice, or in the alternative, should hold the Plaintiffs have failed to state a claim on which relief can be granted, and wholly dismiss this cause of action. In support of this motion, Defendant Rikard joins in those arguments asserted by MS Silicon and further, simultaneously files his Memorandum in Support of his Motion to Dismiss Pursuant to FRCP 12(B) and in Support of his Joinder in To Defendant Mississippi Silicon, LLC's Memorandum In Opposition To Plaintiffs' Motion For A Temporary

Restraining Order And Preliminary Injunction (Doc # 25) And Supplemental Memorandum Regarding Subject Matter Jurisdiction (Doc # 43).

Respectfully submitted, this the 23rd day of March, 2015.

/s/ Donna J. Hodges
Donna J. Hodges, MSB No. 9561
Mississippi Department of Environmental Quality
515 E. Amite Street
Jackson, MS 39201
Post Office Box 2261
Jackson, Mississippi 39225-2261
Telephone: (601) 961-5369
Facsimile: (601) 961-5349
Email: donna_hodges@deq.state.ms.us

*Attorney for Gary C. Rikard, in his Official Capacity, as Executive Director of the Mississippi Department of Environmental Quality and as Executive Director of the Mississippi Environmental Quality Permit Board*

CERTIFICATE OF SERVICE

This is to certify that I, Donna J. Hodges, have this day caused to be filed with the clerk of the court the foregoing pleading using the CM/ECF system, which shall send notification of such filing to all parties of record in this cause.

This is the 23rd day of March, 2015.

/s/ Donna J. Hodges

3