**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**16 FRONT STREET LLC and**                                                    **PLAINTIFFS**
**C. RICHARD COTTON**

**V.**                                                            **NO. 1:14-CV-00183-DMB-DAS**

**MISSISSIPPI SILICON, LLC and GARY
C. RIKARD,** *Executive Director, Mississippi
Department of Environmental Quality, in his
Official Capacity and As Executive Director
of the Mississippi Environmental Quality
Permit Board*                                                            **DEFENDANTS**

### ORDER DENYING LEAVE TO PARTICIPATE IN HEARING

Before the Court is the motion of proposed-intervenor, Nucor Steel Decatur, LLC ("Nucor"), asking that it be granted leave for "limited participation" in the preliminary injunction hearing scheduled for May 8, 2015.

Plaintiffs filed this Citizen Suit under Section 304(a) of the Clean Air Act, 42 U.S.C. § 7401, *et seq.*, on September 29, 2014. Doc. #1. On October 1, 2014, Plaintiffs moved the Court for a temporary restraining order and preliminary injunction. Doc. #3. On November 7, 2014, U.S. District Judge Sharion Aycock issued an order denying Plaintiffs' request for a temporary restraining order but granting their request for a hearing as to the necessity of a preliminary injunction. Doc. #35. In the same order, Judge Aycock noted "the uncertainty of subject matter jurisdiction in this case" and ordered the parties "to provide additional briefing as to whether this Court has subject matter jurisdiction …." *Id.* at 9–10. On November 10, 2014, Judge Aycock noticed the preliminary injunction hearing for December 2, 2014. Doc. #36.

On November 21, 2014, the parties filed memorandum briefs regarding subject matter jurisdiction. Doc. #42; Doc. #43. The same day, Nucor moved for leave to intervene[1] in the case and for leave to file a brief recommending that the Court find subject matter jurisdiction over this matter. Doc. #45; Doc. #47.

Three days later, on November 24, 2014, Judge Aycock issued an order recusing herself from this action and assigning this matter to the undersigned district judge. Doc. #49. On January 16, 2015, the preliminary injunction hearing was re-set for March 17, 2015. Doc. #68.

On January 23, 2015, Plaintiffs filed an amended complaint adding as a defendant Gary C. Rickard, in his official capacity as Executive Director of the Mississippi Environmental Quality Permit Board. Doc. #69. On February 12, 2015, MS Silicon filed a motion for leave "to file a supplemental brief in order to address the impact of Plaintiffs' amended complaint … on the pending legal issues before the Court …." Doc. #78.

On March 2, 2015, U.S. Magistrate Judge David Sanders issued an order granting MS Silicon's motion for leave to file a supplemental brief and granting "all other parties (and the proposed intervenor) [leave to] file responses to this additional brief …." Doc. #86. Judge Sanders also continued the preliminary injunction hearing until May 8, 2015. *Id.* The same day, MS Silicon filed a supplemental brief. Doc. #88. Three weeks later, on March 23, 2015, Nucor filed a response to MS Silicon's supplemental brief. Doc. #93.

---

[1] The Court's subject matter jurisdiction over this action is a threshold issue which must be decided before the Court reaches the parties' claims on the merits. *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). In accordance with this principle, the Court granted the parties an extension of time to respond to Nucor's motion to intervene until resolution of the issue of subject matter jurisdiction. As such, as ruled below, Nucor is not and will not be a party to this litigation unless and until this Court decides that it may exercise subject matter jurisdiction and subsequently grants Nucor's motion to intervene. *See Ebersohl v. Bechtel Corp.*, No. 09-1029, 2010 WL 2228232, at *1 (S.D. Ill. June 3, 2010) (vacating magistrate judge's order denying motion to intervene because decision "clearly contravene[d] the order entered by the [district judge] specifically stat[ing] that a ruling on [the] motion to intervene would be deferred until such time as the question of federal jurisdiction in this case has been resolved").

On April 13, 2015, Nucor filed the instant motion for leave to participate in the upcoming preliminary injunction hearing. Doc. #106. In its motion, Nucor seeks leave to participate in the hearing "with such participation being limited to discussion of the jurisdiction and standing issues before the Court." *Id*. On April 17, 2015, MS Silicon filed a timely response opposing Nucor's motion.[2] Doc. #107.

The decision to hold a hearing on a motion for preliminary injunction is within the discretion of this Court. *See Anderson v. Jackson*, 556 F.3d 351, 361 (5th Cir. 2009) ("The district court did not abuse its discretion in denying the preliminary injunction without holding an evidentiary hearing."); *see also* L.U. Civ. R. 7(b)(6) (stating general rule that court will decide motions without hearing or oral argument). Generally, no hearing is required where there are no factual disputes and the interested parties are provided "a fair opportunity and meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Anderson*, 556 F.3d at 360.

Here, the upcoming hearing is to be oral argument only and not evidentiary in nature. Furthermore, as evidenced by its thirty-four page supplemental brief addressing jurisdictional issues, Nucor has already been given ample opportunity to brief the legal issues of jurisdiction and standing. Doc. #93. Accordingly, Nucor's motion to participate in the preliminary injunction hearing [106] is **DENIED**.[3]

---

[2] Pursuant to L.U. Civ. R. 7(b)(4) and Fed. R. Civ. 6(d), Nucor's deadline to reply to MS Silicon's response is April 27, 2015. The Court reserves the right to amend this Order as necessary pending Nucor's reply, if any.

[3] Additionally, Nucor did not submit a brief accompanying its motion to participate. Thus, its motion may be denied for failing to comply with L.U. Civ. R. 7(b)(4), which states that "at the time the motion is served … counsel for movant must file a memorandum brief in support of the motion."

SO ORDERED, this 23rd day of April, 2015.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**