**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | |
|---|---|
| 16 FRONT STREET LLC AND C. RICHARD COTTON | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 1:14-CV-00183-DMB-DAS |
| MISSISSIPPI SILICON LLC AND GARY C. RIKARD, EXECUTIVE DIRECTOR OF THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY | DEFENDANTS |

**MEMORANDUM IN SUPPORT OF DEFENDANT MISSISSIPPI SILICON LLC'S MOTION FOR LITIGATION COSTS**

### INTRODUCTION

The Court has discretion to award litigation costs to the prevailing party in a citizen suit brought under the Clean Air Act ("CAA") whenever it deems such an award appropriate. 42 U.S.C. § 7604(d). Here, Plaintiffs 16 Front Street LLC and C. Richard Cotton forced Defendant Mississippi Silicon LLC ("MS Silicon") to expend significant resources to secure dismissal of a citizen suit wholly lacking in merit.[1] An award of MS Silicon's litigation costs is thus appropriate.

Plaintiffs' suit challenged the permit issued to MS Silicon for construction of its silicon manufacturing plant in Tishomingo County, Mississippi. After MS Silicon successfully blocked Plaintiffs' attempt to obtain a temporary restraining order, Plaintiffs pursued a preliminary injunction to stop the plant's construction. MS Silicon opposed the motion by pointing out that the Court lacked subject matter jurisdiction. In particular, MS Silicon argued that the alleged

---

[1] MS Silicon has incurred, and by this motion seeks, approximately $575,000 in litigation costs—including attorneys' fees—in this matter.

deficiencies in the permitting process did not mean that MS Silicon was constructing its plant "without a permit" as required to give the Court jurisdiction under 42 U.S.C. § 7604(a)(3).

The Court agreed, denying Plaintiffs' request for a preliminary injunction and dismissing all claims against MS Silicon. (Order, July 30, 2015.) In so doing, the Court flatly rejected Plaintiffs' argument that a permit purportedly invalid on procedural grounds is not a "permit" for purposes of § 7604(a)(3). It found this argument foreclosed by a plain reading of the CAA's statutory language: "[T]he plain meaning of 'without a permit' . . . does *not* include an issued permit alleged to be invalid on procedural grounds." (*Id.* at 21 (emphasis in original).) And the Court further observed that "this conclusion is consistent with existing Fifth Circuit precedent in *CleanCOALition*, as argued by MS Silicon." (*Id.*)

MS Silicon now seeks to recover the litigation costs—including attorney fees—that it incurred to prevail against Plaintiffs in a CAA citizen suit that should have never been brought.

**ARGUMENT**

**A.    An Award of Fees Is "Appropriate" In This Case.**

Pursuant to the fee-shifting provision of the CAA, the Court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, wherever the court determines such award is appropriate." 42 U.S.C. § 7604(d). To obtain fees under § 7604(d), a defendant must show that it is the "prevailing party" and that the action was "frivolous, unreasonable, or groundless." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682 n.1, 686 (1983) (reading "prevailing party" requirement into § 7604(d), despite the absence of "prevailing party" language); *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (interpreting fee-shifting provision of Civil Rights Act); *Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air*, 478 U.S. 546, 559 (1986) (interpreting § 7604(d) in same manner as Civil Rights

2

Act). Here, MS Silicon satisfies both showings because it prevailed in a citizen suit that the Court found clearly barred by the applicable statutory language and binding precedent.

### 1. MS Silicon Was the Prevailing Party.

To "prevail" in the context of § 7604(d), a party must obtain "some degree of success on the merits." *See Blue Skies Alliance v. Ten. Comm'n on Envtl. Quality*, 265 Fed. Appx. 203, 206 (5th Cir. 2008) (citing *Ruckelshaus*, 463 U.S. at 684). This includes "success on a fundamental jurisdictional point." *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000) (holding that defendant prevails when dismissal for want of jurisdiction forecloses claim). In short, a defendant prevails when it obtains relief that materially alters the legal relationship of the parties in a manner ultimately advantageous to the defendant. *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *see also Turner v. Nat'l Transp. Safety Bd.*, 608 F.3d 12, 15 (D.C. Cir. 2010) (to prevail, "a party need receive only some form of judicial relief, not necessarily a court-ordered consent decree or a judgment on the merits").

Here, MS Silicon unquestionably prevailed against Plaintiffs. First, MS Silicon successfully warded off Plaintiffs' attempt to secure a temporary restraining order stopping construction of its facility. Second, MS Silicon secured the denial of Plaintiffs' motion for a preliminary injunction that sought the same relief. Third, and most fundamentally, the Court dismissed Plaintiffs' claims against MS Silicon for lack of subject matter jurisdiction, such that MS Silicon achieved "success on a fundamental jurisdictional point." *Steel Co.*, 230 F.3d at 930. Needless to say, all of these successes fundamentally altered the parties' legal relationship to MS Silicon's benefit. Among other things, MS Silicon may now continue to build its plant without the threat of the injunctive relief Plaintiffs sought in this case.[2]

---

[2] Although some courts have held that dismissal *without* prejudice is insufficient to confer prevailing party status, a party still prevails when it obtains this type of relief provided there is a

3

### 2. Plaintiffs' Claims Against MS Silicon Were Groundless.

A prevailing defendant must also show that the action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co.*, 434 U.S. at 422; *see also Steel Co.*, 230 F.3d at 931. To determine whether an action was frivolous, courts have looked to whether the plaintiff established a prima facie case, the defendant offered to settle, and whether the case proceeded to a trial on the merits. *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001).

These factors make clear that Plaintiffs' citizen suit against MS Silicon was groundless for purposes of § 7604(d). Plaintiffs failed to establish a prima face case under the CAA citizen suit provision, MS Silicon never offered to settle Plaintiffs' meritless claims, and the Court dismissed those claims well before trial. This is because Plaintiffs' claims lack any basis in law or fact.

Plaintiffs' claims were premised on the notion that MS Silicon was constructing its silicon manufacturing plant "without a permit required under part C of subchapter I of the CAA." 42 U.S.C. § 7604(a)(3). Of course, Plaintiffs knew that the agency charged with issuing air permits in Mississippi—the Mississpppi Department of Environmental Quality ("MDEQ")—issued an air permit to MS Silicon that allowed it to build its plant. But they argued that the permit was not a permit because MDEQ allegedly failed to adhere to certain procedural requirements when issuing the permit, i.e., purportedly allowing twenty-nine days for public comment instead of the required thirty days.

---

material alteration of the legal relationship. *See, e.g.*, *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003) (dismissal of federal claims without prejudice materially altered legal relationship).

This argument flies in the face of the plain text of § 7604(a)(3) as well as binding precedent from the Fifth Circuit. And the Court recognized as much when it dismissed Plaintiffs' claims against MS Silicon for lack of subject matter jurisdiction.

The Court first held that "the clear and plain text of § 7604(a)(3) does not support Plaintiff's jurisdictional argument." (Order, July 30, 2015, at 16.) The Court reasoned that the unmistakable meaning of the statutory text establishes that MS Silicon has a "permit" for purposes of § 7604(a)(3) so long as it has a document giving it permission to build its facility and the document is of the type required under Part C of the CAA. (*Id.* at 17-18 ("[W]here, as here, a permit has been issued that contains conforming emission limitations and is not alleged to have been issued contrary to § 7475(d), a citizen suit challenging that permit falls outside the jurisdictional grant of the statute.").) Contrary to Plaintiffs' position, the Court found nothing in the text to suggest that a permit ceases to be a permit under § 7604(a)(3) on account of alleged procedural defects.

Not only did the Court conclude that the statutory text precluded Plaintiffs' jurisdictional argument, it found Plaintiffs' argument directly barred by the Fifth Circuit's decision in *CleanCOALition v. TXU Power*, 536 F.3d 469 (5th Cir. 2008). The plaintiff in *CleanCOALition* argued that the defendant did not have valid permit to construct a facility because its permit application was incomplete, such that the defendant was purportedly building that facility "without a permit" for purposes of § 7604(a)(3). The Fifth Circuit rejected this argument, holding that "§ 7604(a)(3) does not authorize preconstruction citizen suits against facilities that have either obtained a permit or are in the process of doing so." *Id.* at 479. Because the defendant had already obtained a permit—as MS Silicon has here—the Fifth Circuit concluded that the defendant was not "proposing to construct or constructing a facility 'without a permit.'"

5

*Id.* In reaching the same conclusion in this case, the Court described Plaintiffs' attempts to distinguish *CleanCOALition* as "not persuasive" and dismissed their citation to "nonbinding authority . . . that is easily distinguishable." (*Id.* at 23-24). *See, e.g.*, *Barnes Found.*, 242 F.3d at 163 (Supreme Court decisions precluded plaintiff's claim; thus, the action was groundless).

In sum, MS Silicon prevailed in this action because it defeated Plaintiffs' effort to secure injunctive relief and successfully obtained dismissal of the claims brought against it. And Plaintiffs' claims against MS Silicon were groundless in light of the plain language in § 7604(a)(3) and the Fifth Circuit precedent in *CleanCOALition*. Indeed, Plaintiffs could not establish a prima facie case, MS Silicon never offered to settle, and the claims against MS Silicon were dismissed prior to a trial on the merits. *Barnes Found.*, 242 F.3d at 158, 163. An award of MS Silicon's litigation costs is thus "appropriate" in this case. 42 U.S.C. § 7604(d).

**B.** **Fees Are Available Under § 7604(d) Even When a Citizen Suit Is Dismissed for Lack of Subject Matter Jurisdiction.**

MS Silicon anticipates that Plaintiffs might seek to evade the consequences of their groundless citizen suit by arguing that the Court no longer has jurisdiction to entertain MS Silicon's motion for litigation costs. The Fifth Circuit has not yet directly addressed whether a district court may award litigation costs after dismissing a CAA citizen suit for lack of subject matter jurisdiction.[3] But a well-reasoned decision from the Seventh Circuit addressing a fee-shifting provision identical to the provision at issue here makes clear that the Court retains the authority to award MS Silicon its litigation costs.

---

[3] Although the Fifth Circuit has indicated in other contexts that a lack of subject matter jurisdiction over the underlying claim may bar a court's jurisdiction over a claim for attorneys' fees, these decisions are either dicta or distinguishable from the case at bar. *See El Paso Indep. Sch. Dist. v. Berry*, 400 Fed. Appx. 947, 952 n.7 (5th Cir. 2010) (making statement in dicta); *Cliburn v. Police Jury Assn.*, 165 F.3d 315, 316 (5th Cir. 1999) (no right to fees under ERISA's fee shifting provision because plaintiff sought participation in a governmental plan not covered by statute; thus, there was no "action under this subchapter"); *A.L.T. Corp. v. Small Business Admin.*, 801 F.2d 1451, 1463 n.21 (5th Cir. 1986) (same, under Texas DTPA).

In *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923 (7th Cir. 2000), the Seventh Circuit considered whether the district court could award fees under the Emergency Planning and Community Right-To-Know Act even after dismissing the claims brought under that Act for lack of subject matter jurisdiction. The Seventh Circuit held that the district court had the authority to do so, explaining that "courts that lack jurisdiction with respect to one kind of decision may have it with respect to another." *Id.* at 926. By way of example, it noted that the United States Supreme Court has "held that attorneys' fees may be awarded under Rule 11 even if the case never came within the district court's subject matter jurisdiction." *Id.* at 927 (citing *Willy v. Coastal Corp.*, 503 U.S. 131 (1992)).[4] And the court saw no Article III issue with an award of fees following dismissal on jurisdictional grounds because a motion for fees presents an independent case or controversy "whether or not the fees were incurred in proceedings that were cases or controversies under Article III." *Id.* at 927-28 (citation omitted); *see also United States ex rel. Grynberg v. Praxair*, 389 F.3d 1038 (10th Cir. 2004) (allowing fees where court had no jurisdiction over underlying False Claims Act action); *Animal Welfare Inst. v. Feld Entm't, Inc.*, 944 F. Supp. 2d 1 (D.D.C. 2013) (same, in case brought under Endangered Species Act, which contains language identical to the fee-shifting provision in § 7604(d) of the CAA).[5]

Accordingly, Plaintiffs cannot avoid reimbursing MS Silicon for its litigation costs simply because it brought a meritless citizen suit over which the Court determined it lacked jurisdiction. Under the Seventh Circuit's persuasive reasoning, the Court may and should award

---

[4] The court also cited certain provisions of Title 28 of the United States Code that explicitly "permit awards of litigation expenses in suits that federal courts are not authorized to decide on the merits." *Id.* at 927 (citing 28 U.S.C. §§ 1919; 1447(c)).

[5] Prior to the Seventh Circuit's decision in *Steel Co.*, some other circuits concluded that dismissal on jurisdictional grounds precluded a statutory fee award. *See, e.g.*, *Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990). But the reasoning in *Steel Co.*—a more recent, widely-cited decision involving an identical fee-shifting provision as that contained in the CAA—is more compelling and should guide the Court's decision in this case.

MS Silicon's litigation costs notwithstanding its dismissal of Plaintiffs' claims for lack of subject matter jurisdiction.

## CONCLUSION

For all of the reasons set forth above, MS Silicon respectfully requests an order requiring Plaintiffs to pay all of the litigation costs (including attorney fees) that it incurred in successfully defending this groundless citizen suit.

Respectfully submitted this 18th day of August, 2015.

>s/ Peter Whitfield
>Mark W. DeLaquil (pro hac)
>mdelaquil@bakerlaw.com
>Peter C. Whitfield (pro hac)
>pwhitfield@bakerlaw.com
>BAKER & HOSTETLER LLP
>Washington Square, Suite 1100
>1050 Connecticut Avenue NW
>Washington, DC  20036
>Telephone:  (202) 861-1500
>Facsimile:  (202) 861-1783
>
>s/ Martin T. Booher
>Martin T. Booher (pro hac)
>mbooher@bakerlaw.com
>Michael Montgomery (pro hac)
>mmontgomery@bakerlaw.com
>BAKER & HOSTETLER LLP
>1900 East Ninth Street, Suite 3200
>Cleveland, Ohio 44114-3482
>Telephone:  (216) 621-0200
>
>s/ Rebecca Lee Wiggs
>Keith W. Turner (MSB No. 99252)
>kturner@watkinseager.com
>Rebecca Lee Wiggs (MSB No. 7191)
>rwiggs@watkinseager.com
>WATKINS & EAGER PLLC
>Post Office Box 650
>Jackson, Mississippi  39205
>Telephone:  (601) 965-1900
>
>*Attorneys for Defendant Mississippi Silicon LLC*

**CERTIFICATE OF SERVICE**

I, Peter Whitfield, as one of the attorneys for Defendant Mississippi Silicon LLC, hereby certify that I have this day caused to be filed with the clerk of the court the foregoing pleading using the CM/ECF system, which shall send notification of such filing to all parties of record in this case.

Respectfully submitted this 18th day of August, 2015.

s/ Peter Whitfield
Peter Whitfield