UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| 16 FRONT STREET LLC, and<br>C. RICHARD COTTON,<br><br>    Plaintiffs,<br><br>V.<br><br>MISSISSIPPI SILICON, LLC and GARY C. RIKARD, Executive Director, Mississippi Department of Environmental Quality, in His Official Capacity and as Executive Director of the Mississippi Environmental Quality Permit Board,<br><br>    Defendants. | CIVIL ACTION<br><br>No. 1:14-cv-00183-SA-DAS |

**PLAINTIFFS' SUPPLEMENTAL BRIEF ON THE APPLICABILITY
OF THE RELATION-BACK DOCTRINE TO THE COURT'S SUBJECT MATTER
JURISDICTION OVER PLAINTIFFS' CLAIM AGAINST DEFENDANT RIKARD**

In its July 30, 2015 Order [ECF No. 111], the Court asked the parties to submit supplemental briefing on the applicability of Federal Rule of Civil Procedure 15's relation-back doctrine to the Court's subject matter jurisdiction over Plaintiffs' 42 U.S.C. § 7604(a)(1) claim against Defendant Rikard. Under the Clean Air Act (42 U.S.C. § 7401 *et seq*.), the Court had original subject matter jurisdiction over that claim when Plaintiffs first asserted it in their Amended Complaint—and it continues to have jurisdiction over that claim today. Neither the Court's dismissal of Plaintiffs' claim against MS Silicon nor the relation-back doctrine provides a basis for dismissing Plaintiffs' claim against Rikard for a lack of subject matter jurisdiction; instead, a dismissal based on a failure to satisfy the relation-back doctrine would be directly contrary to Supreme Court precedent.

**SUPP. BRIEF ON RELATION-BACK – PAGE 1 OF 7**

**I.   THIS COURT HAS HAD ORIGINAL SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' CLAIM AGAINST RIKARD SINCE THE FILING OF THE AMENDED COMPLAINT**

Article III and 28 U.S.C. § 1331 "give[] federal courts subject-matter jurisdiction over all civil actions 'arising under' the laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006). And because Congress vested the district courts with absolute jurisdiction over the three different types of Clean Air Act citizens claims enumerated in §§ 7604(a)(1)-(3), Plaintiffs' § 7604(a)(1) claim against Rikard clearly "fit[s] that description" (*Arbaugh*, 546 U.S. at 503), falling within this Court's jurisdiction. *Id*[1]; § 7604(a) ("[T]he district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties….").

**II.   DISMISSAL OF PLAINTIFFS' CLAIM AGAINST MS SILICON DOES NOT DIVEST THE COURT OF ITS JURISDICTION TO HEAR THE SEPARATE CLAIM AGAINST RIKARD**

This Court's jurisdictional holding with respect to MS Silicon (Order at 1, 17-18)[2] does not divest this Court of jurisdiction, either retroactively or prospectively, to hear Plaintiffs' separate § 7604(a)(1) claim against Rikard in his official capacity as Executive Director of the MDEQ.

First, Rule 15(a) allows a complaint to be amended "as a matter of course at any time before a responsive pleading is served." And, because the amended complaint supersedes the antecedent pleading, it renders the original complaint of no legal effect. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). The Supreme Court thus has specifically held that, despite the general "rule that subject-matter jurisdiction depends on the state of things at the

---

[1]  *Arbaugh* addressed Title VII claims and held that Title VII's "jurisdictional provision empowers federal courts to adjudicate civil actions 'brought under' Title VII."

[2]  Plaintiffs respectfully disagree with this determination by the Court but accept it for purposes of this Brief.

**SUPP. BRIEF ON RELATION-BACK – PAGE 2 OF 7**

time of the action brought," in cases like this one, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 47 (2007) (emphasis added) (internal quotation marks omitted); *see also Boelens*, 759 F.2d at 508.[3] Accordingly, this Court was entirely correct in "refer[ring] to the superseding amended complaint in conducting its jurisdictional analysis." Order at 3.

Second, as this Court specifically emphasized, the basis for the Court's jurisdictional holding as to Plaintiffs' (a)(3) claim against MS Silicon has no bearing on Plaintiffs' separate claim against Rikard. Order at 15 n.7; *compare* 42 U.S.C. § 7604(a)(1), *with* (a)(3).

Third, the Supreme Court has specifically rejected the notion that dismissal of one claim on jurisdictional grounds would divest a district court of jurisdiction over other claims for which it otherwise has subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559, 561 (2005). In *Allapattah*, a minor child and her family brought a diversity action for personal injury; the child met the amount-in-controversy requirements but the family members did not. Instead of exercising supplemental jurisdiction over the family members' claims (on the basis of the original diversity jurisdiction over the child's claim), the First Circuit held that the presence of the family members' claims under the amount-in-controversy

---

[3] Situations in which courts will ignore the amended complaint in conducting a jurisdictional analysis are not present here: (1) the time-of-filing rule, which was created in the diversity context to prevent a party from using tactics to destroy diversity jurisdiction (*Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004)); and (2) where a plaintiff in a case that was removed to federal court amends a complaint to attempt to eliminate the federal claim upon which removal was based. *Boelens*, 759 F.2d at 507. Even further, those cases do not involve the situation present here where a plaintiff asserts in an amended complaint a new separate claim for which the court has original federal question jurisdiction against a new defendant that would stand on its own had the prior complaint never been filed.

**SUPP. BRIEF ON RELATION-BACK – PAGE 3 OF 7**

requirement robbed the district court of the otherwise properly-asserted original jurisdiction over the child's diversity claim. The Supreme Court reversed:

> When a well-pleaded complaint has at least one claim satisfying the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim....
>
> We cannot accept the view . . . that a district court lacks original jurisdiction over a civil action unless the court has original jurisdiction over every claim in the complaint. As we understand this position, it requires assuming either that all claims in the complaint must stand or fall as a single, indivisible "civil action" as a matter of definitional necessity—what we will refer to as the "indivisibility theory"—or else that the inclusion of a claim or party falling outside the district court's original jurisdiction somehow contaminates every other claim in the complaint, depriving the court of original jurisdiction over any of these claims—what we will refer to as the "contamination theory."
>
> The indivisibility theory is easily dismissed, as it is inconsistent with the whole notion of supplemental jurisdiction. If a district court must have original jurisdiction over every claim in the complaint in order to have "original jurisdiction" over a "civil action," then [there would be] no civil action of which the district court could assume original jurisdiction under § 1331, and so no basis for exercising supplemental jurisdiction over any of the claims....
>
> The indivisibility theory is further belied by our practice—in both federal-question and diversity cases—of allowing federal courts to cure jurisdictional defects by dismissing the offending parties rather than dismissing the entire action.... If the presence of jurisdictionally problematic claims in the complaint meant the district court was without original jurisdiction over the single, indivisible civil action before it, then the district court would have to dismiss the whole action rather than particular parties.

*Id.* at 559, 561. Thus, here, as in *Allapattah*, dismissal of the claim against MS Silicon, on a basis that the Court recognized would not affect the separate claim against Rikard, clearly cannot divest this Court of jurisdiction, either retroactively or prospectively, to hear Plaintiffs' claim against Rikard.

### III. THE RELATION-BACK DOCTRINE NEITHER IS NEEDED TO SAVE, NOR DIVESTS THE COURT OF ITS JURISDICTION TO HEAR, THE CLAIM AGAINST RIKARD

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though

**SUPP. BRIEF ON RELATION-BACK – PAGE 4 OF 7**

it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). It is for this reason—and for this reason only—that a Rule 15 relation-back analysis was undertaken by the cases cited in the Order. For example, in *Watkins for Lujan*, the plaintiff asserted a Title VII discrimination claim in an amended complaint outside of a jurisdictional 30-day limitations period so the Fifth Circuit analyzed whether the otherwise untimely related back to the filing of initial complaint to determine whether the district court had jurisdiction over the claim. 922 F.2d 261, 263-65 (5th Cir. 1991). Similarly, in *Sessions v. Rusk State Hospital*, the Fifth Circuit held that an otherwise untimely Title VII claim was timely filed because it related back to a Section 1981 claim asserted in a prior complaint. 648 F.2d 1066, 1070 (5th Cir. 1981). In *Carney v. Resolution Trust Corp.*, the relation-back doctrine saved a monetary damages claim first asserted in a second amended complaint that was otherwise jurisdictionally barred by the Financial Institutions Reform, Recovery, and Enforcement Act. 19 F.3d 950, 954-55 (5th Cir. 1994). In *Anderson v. Phoenix of Hartford Ins. Co.*, a putative diversity action for car accident injuries, the district court determined whether a claim against a new defendant first named in an amended complaint outside the limitations period related back to the initial complaint (which had been dismissed for lack of jurisdiction as the initial defendant was non-diverse), such that it was not time barred. 320 F. Supp. 399, 400 (W.D. La. 1970). Finally, in *Krupski*, another diversity case, the plaintiff filed a complaint against the wrong defendant and attempted to name the correct defendant in an amendment filed after the statute of limitations expired; the Supreme Court held that, because proper defendant was on notice of the claim, it related back to the initial complaint under Rule 15. 560 U.S. at 538.[4]

---

[4] Another case cited in the Order, *Braud v. Transportation Service Co. of Illinois*, did not actually apply Rule 15 but similarly addressed a unique issue not present here, which does not support dismissal. 445 F.3d 801, 802-04 (5th Cir. 2006). Plaintiff filed a complaint in Louisiana

**SUPP. BRIEF ON RELATION-BACK – PAGE 5 OF 7**

Here, by contrast, Plaintiffs timely asserted their § 7604(a)(1) claim against Rikard when they filed their Amended Complaint on January 23, 2015 (after having provided the requisite 60-day notice under § 7604(b)). *See* ECF No. 69. Unlike in *Watkins*, *Sessions*, *Carney*, *Anderson*, or *Krupski*, had Plaintiffs never filed a previous complaint, or previously pursued a claim against MS Silicon, Plaintiffs still could have asserted their claim against Rikard in an original complaint filed on January 23, 2015—or even in an original complaint filed today, for that matter. A Rule 15 relation-back analysis thus is not needed to save Plaintiffs' claim against Rikard. In fact, application of the relation-back doctrine here would actually lead to the uncontemplated result of finding that Plaintiffs' claim against Rikard was somehow artificially filed *before* the expiration of the § 7604(b) 60-day notice waiting period. Plaintiffs are aware of no authority for the proposition that a failure to satisfy Rule 15 divests a district court of authority to hear an otherwise timely claim. And no case in the Order stands for the proposition (as it would be contrary to the Supreme Court's holding in *Allapattah*) that Plaintiffs' filing of a prior complaint divests this Court of its current authority to hear Plaintiffs' timely filed citizen's claim against Rikard.

## CONCLUSION

In sum, there is no basis for dismissing Plaintiffs' § 7604(a)(1) claim against Rikard for a lack of subject matter jurisdiction. Plaintiffs respectfully request that the Court turn to the merits so that Plaintiffs may have their day in Court as contemplated by the Clean Air Act.

---

state court before the effective date of the Class Actions Fairness Act and filed an amended complaint naming a new defendant after the effective date of CAFA, who removed the action to federal court under CAFA. After that new defendant was dismissed, it was argued that the district court did not have jurisdiction over the original claim, which was filed before the effective date of CAFA. The Fifth Circuit rejected this argument, holding that, "[b]ecause the amended pleading satisfied CAFA's jurisdictional provisions, at that point the federal court had jurisdiction under 28 U.S.C. § 1332, as amended by CAFA." *Id.* at 807.

**SUPP. BRIEF ON RELATION-BACK – PAGE 6 OF 7**

Respectfully Submitted,

**Plaintiffs 16 Front Street, LLC and
C. Richard Cotton**

*s/ Ronnie Musgrove*
Ronnie Musgrove (MSB# 3698)
MUSGROVE/SMITH LAW
1635 Lelia Drive, Suite 104
Jackson, Mississippi 39216
Post Office Box 4670
Jackson, Mississippi 39296
(t) 601-852-1696
(f) 601-852-1714
musgrove@musgrovesmith.com
*Attorney for Plaintiffs*

**Certificate of Service**

I, Ronnie Musgrove, certify that on this 18th day of August, 2015, a true and correct copy of the previous document was electronically filed with the Clerk of Court using the MEC System which sent notification of the filing to all counsel of record.

*s/ Ronnie Musgrove*
Ronnie Musgrove