# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**16 FRONT STREET LLC and**  **PLAINTIFFS**
**C. RICHARD COTTON**

**V.**  **NO. 1:14-CV-00183-DMB-DAS**

**MISSISSIPPI SILICON, LLC, and**
**GARY C. RIKARD, Executive Director,**
**Mississippi Department of Environmental**
**Quality, in his Official Capacity and as**
**Executive Director of the Mississippi**
**Environmental Quality Permit Board**  **DEFENDANTS**

## ORDER

This Clean Air Act action is before the Court on Defendant Gary C. Rikard's motion to dismiss for lack of jurisdiction. Doc. #95. For the reasons below, the motion to dismiss will be granted.

## I
## Relevant Procedural History

Of relevance to this order,[1] on September 29, 2014, Plaintiffs 16 Front Street LLC and C. Richard Cotton filed their original complaint against Defendant Mississippi Silicon ("MS Silicon"), alleging federal question jurisdiction under 42 U.S.C. § 7604(a)(3) of the Clean Air Act ("CAA"). Doc. #1 at ¶ 6. Plaintiffs alleged that MS Silicon was constructing a new major emitting facility, a silicon manufacturing plant, without a permit in violation of the CAA and Mississippi state regulations. *Id.* at ¶¶ 65–68. Plaintiffs claimed that deficiencies in the permitting process of the Mississippi Department of Environmental Quality ("MDEQ") violated procedural requirements regarding public participation imposed by the CAA and its

---

[1] A more detailed procedural history of this matter is set forth in this Court's July 30, 2015, order. See Doc. #111 at 5–11.

implementing regulations, and that MS Silicon's ongoing construction of the plant deviated from the materials MS Silicon submitted to MDEQ in its permit application. *Id.* at ¶¶ 25–60, 66–67.

On January 23, 2015, Plaintiffs, pursuant to Rule 15(a)(1)(B), filed an amended complaint, adding as a defendant Gary Rikard, in his official capacity as Executive Director of MDEQ and its Permit Board. Doc. #69. The amended complaint contains essentially the same allegations against MS Silicon as the original complaint and adds a claim that MDEQ, in the process of granting MS Silicon's permit application, violated the CAA. *Id.* at ¶¶ 79–86.

On March 24, 2015, Defendant Rikard, arguing that Plaintiffs' claims were barred by the Eleventh Amendment, filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #95. Plaintiffs timely responded to the motion. Doc. #104. Rikard did not reply.[2]

On July 30, 2015, this Court issued an order dismissing without prejudice the claims against MS Silicon for lack of subject matter jurisdiction. Doc. #111 at 27. In the same order, the Court instructed Plaintiffs and Rikard to submit supplemental briefs addressing whether this Court has subject matter jurisdiction over the claims asserted against Rikard in the amended complaint, including whether the amended complaint may relate back to the original complaint for the purpose of assessing jurisdiction. *Id*. at 27. On August 18, 2015, the parties submitted supplemental briefs addressing the issue of this Court's jurisdiction over Rikard. Doc. #117; Doc. #118.

## II
## Analysis

Two jurisdictional issues are currently before the Court: the sovereign immunity argument raised in Rikard's motion to dismiss, and the question raised by the Court as to

---

[2] On March 30, 2015, MS Silicon filed a notice "support[ing] and agree[ing]" with Rikard's motion "for the reasons stated therein." Doc. #101.

whether the amended complaint against Rikard may even be considered for the purpose of evaluating jurisdiction. Because resolution of the latter issue would obviate the need to consider the former, the Court will first consider whether the amended complaint in this matter could create jurisdiction, independent of the sovereign immunity question. *See Boe v. Fort Belknap Cmty. of Ft. Belknap Reservation*, 642 F.2d 276, 279 n.5 (9th Cir. 1981) ("In view of our holding that no claim for federal relief was stated, we find it unnecessary to address the sovereign immunity issue."); *In re Prairie Island Dakota Sioux*, 21 F.3d 302, 305 (8th Cir. 1994) ("We find … that sovereign immunity is a jurisdictional consideration separate from subject matter jurisdiction and that the district court did not abuse its discretion in first determining it lacked federal question jurisdiction ….").

### A. Federal Question Jurisdiction and Amendments

It is axiomatic that "[t]he district courts of the United States … are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted). To this end, Congress has conferred jurisdiction to hear federal question cases – "civil actions that arise under the Constitution, laws, or treaties of the United States" – and diversity cases – those actions with more than $75,000 in controversy "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Id*. "The party claiming federal subject matter jurisdiction has the burden of proving it exists." *Peoples Nat. Bank v. Office of Comptroller of Currency of U.S.*, 362 F.3d 333, 336 (5th Cir. 2004).

"It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S.

567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)).[3] Consistent with this rule, "an amendment [to a complaint] may remedy jurisdictional problems of the 'technical' or 'formal' variety, but it may not create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case ab initio."[4] *In re Katrina Canal Breaches Litig.*, 342 Fed. App'x 928, 931 (5th Cir. 2009); *see also U.S. Ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 782 F.Supp.2d 248, 260 (E.D. La. 2011) ("The notion that a court cannot proceed if it lacked jurisdiction at the time the original complaint was filed is consistent with the 'time-of-filing rule'"). Of relevance here, "an amendment may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal question jurisdiction." *Katrina Canal Breaches Litig.*, 342 Fed. App'x at 931 (citing *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000)). Put differently, when a court lacks jurisdiction over an original complaint, it "does not have subject matter jurisdiction to consider anything filed thereafter, including the amended complaint." *Vianix Del. LLC v. Nuance Commc'ns, Inc.*, No. 09-0067, 2009 WL 1364346, at *2 (D. Del. May 12, 2009); *see also Castello v. Head*, No. 14-2025, 2015 WL 269128, at *2 n.3 (E.D. La. Jan. 21, 2015) ("[I]f the Court lacks jurisdiction over the original complaint, then Plaintiff cannot amend to add new claims in order to create jurisdiction.") (citing *Whitmire*); *see generally Gates v. Union Nat. Life Ins. Co.*, No. 1:05-cv-313, 2006 WL 1134241, at *2 n.1 (N.D. Miss. Apr. 24, 2006) ("[T]he supposed amended complaint in this case was

---

[3] While *Grupo Dataflux* dealt with a complaint based on diversity jurisdiction, "nothing in that case suggests that the [time-of-filing] rule is not equally applicable to federal question cases." *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 593 (5th Cir. 2015).

[4] In its July 30 order, the Court noted that "[w]hile a complaint may not be amended to create subject matter jurisdiction when none exists, a court can look to an amended complaint to determine whether it has subject matter jurisdiction over the original claims, so long as any changes in the allegations are of the technical or formal variety." Doc. #111 at 2–3 (internal quotation marks omitted). Because the amended complaint contained substantively the same factual allegations against MS Silicon as the original complaint against MS Silicon, the Court considered the amended complaint for the purpose of deciding whether it had jurisdiction over the claims against MS Silicon. *Id*. at 2–3.

improperly filed with a court which does not have jurisdiction over this matter and is therefore a nullity.").

In their supplemental brief, Plaintiffs do not address whether the amended complaint relates back to the original complaint for jurisdictional purposes. Doc. #117 at 6. Rather, Plaintiffs contend that the amended complaint asserts a valid federal question and, therefore, falls within this Court's jurisdiction. *Id.* at 2–5. Rikard, in turn, argues that this Court lacked jurisdiction over the original complaint and that a plaintiff may not amend a complaint to "establish[] jurisdiction where it did not originally exist." Doc. #118 at 5.

### B. Plaintiffs' Arguments

Notwithstanding the authority above, Plaintiffs urge the Court to consider their amended complaint for the purpose of assessing jurisdiction. Doc. #117 at 2–4. As justification for their position, Plaintiffs argue that: (1) the Supreme Court has held that "courts look to the amended complaint to determine jurisdiction," Doc. #117 at 3 (emphasis omitted) (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007), and citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)); (2) "the basis for the Court's jurisdictional holding as to Plaintiffs' … claim against MS Silicon has no bearing on Plaintiffs' separate claim against Rikard," *id*; and (3) "the Supreme Court has specifically rejected the notion that dismissal of one claim on jurisdictional grounds would divest a court of jurisdiction over other claims for which it otherwise has subject matter jurisdiction," *id.* (citing *Allapattah Servs., Inc.*, 545 U.S. at 559, 561).

#### 1. *Rockwell* and *Boelens*

In *Rockwell*, the United States Supreme Court considered whether, in the context of the False Claims Act's jurisdictional original source inquiry, "[w]hich of the relator's allegations are

5

… relevant." 549 U.S. at 473 (emphasis omitted). In holding that the jurisdictional inquiry included "(at a minimum) the allegations in the original complaint *as amended*," the Supreme Court observed:

> The rule that subject-matter jurisdiction depends on the state of things at the time of the action brought, … does not suggest a different interpretation. The state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction. So also will the withdrawal of those allegations, unless they are replaced by others that establish jurisdiction. Thus, when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.

*Id.* at 473–74 (emphasis, internal citations, and internal quotation marks omitted). One court which has considered the above language has held:

> *Rockwell*, and the cases it cites, make clear that a plaintiff can amend himself or herself out of jurisdiction by withdrawing allegations that appeared in the original complaint. *Rockwell* also appears to acknowledge that a plaintiff may replace allegations over which the Court has jurisdiction with other allegations over which the Court also has jurisdiction. **But Rockwell does not suggest that a plaintiff can establish jurisdiction by amendment when jurisdiction did not previously exist.** Indeed, such a conclusion would be directly contrary to the Court's statement that "demonstration that the original allegations were false will defeat jurisdiction."

*Branch Consultants*, 782 F.Supp.2d at 261–62 (internal citations omitted and emphasis added). Other courts, focusing on the same language, have reiterated that *Rockwell* does not stand for the proposition that an amended complaint can create jurisdiction. *See, e.g., U.S. ex rel. Carter v. Halliburton Co.*, __F.Supp.3d __, No. 1:11-cv-602, 2015 WL 7012542, at *12 (E.D. Va. Nov. 12, 2015) (citing *Branch Consultants*, 782 F.Supp.2d at 261–62); *see also U.S. ex rel. Moore v. Pennrose Props., LLC*, No. 3:11-cv-121, 2015 WL 1358034, at *15 (S.D. Ohio Mar. 24, 2015) (same).

*Boelens*, also cited by Plaintiffs, is not to the contrary. In *Boelens*, the Fifth Circuit considered the issue of "whether, in a case of original jurisdiction, the voluntary amendment of

6

the complaint to drop a federal question removes that claim as a basis for jurisdiction." 759 F.2d at 507. The Fifth Circuit concluded that "because the burden is on the plaintiff to establish jurisdiction in the first instance, … the plaintiff must be held to the jurisdictional consequence of a voluntary abandonment of claims that would otherwise provide federal jurisdiction." *Id*. at 508. Thus, *Boelens* does not stand for the proposition that an amended complaint may create jurisdiction where no jurisdiction existed. Rather, *Boelens* stands for the point of law that (as observed by *Branch Consultants*) a plaintiff may amend himself out of jurisdiction.

### 2. *Allapattah Services* and the Indivisibility and Contamination Theories of Jurisdiction

Plaintiffs' second and third points both rest on the legal argument that a jurisdictional ruling on one claim does not necessarily impact the Court's jurisdiction over a separate claim. While legally true, such an argument does not compel the conclusion that an amended complaint may create jurisdiction when the original complaint did not implicate jurisdiction.

In *Allapattah Services*, the Supreme Court rejected the contention "that a district court lacks original jurisdiction over a civil action unless the court has original jurisdiction over every claim in the complaint." 545 U.S. at 560. In reaching this conclusion, the Supreme Court rejected two theories of jurisdiction: the indivisibility theory, under which "all claims in [a] complaint must stand or fall as a single, indivisible civil action;" and the contamination theory, under which "the inclusion of a claim or party falling outside the district court's original jurisdiction somehow contaminates every other claim in the complaint." *Id*. at 560–62 (internal quotation marks omitted).

The indivisibility and contamination theories are not implicated by the rule prohibiting the creation of jurisdiction by amendment. While the indivisibility and contamination theories relate to claims within a single complaint, *see id*., the non-amendment rule, by its definition,

7

relates to claims in different complaints (i.e., the original and amended complaints here). Thus, Plaintiffs' second and third points are also without merit.[5]

Having found that Plaintiffs' arguments do not warrant departure from the general rule that jurisdiction may not be created by the filing of an amended complaint, the Court must apply the rule to this case.

C.  **Application of Rule**

In considering the effect of amendment on jurisdiction in this matter, it is instructive to consider the facts of *Katrina Canal Breaches*. In *Katrina Canal Breaches*, the plaintiffs filed original complaints against a series of state and local actors. 342 Fed. App'x at 930. Sometime later, with the consent of the defendants, the plaintiffs filed second amended complaints adding the United States as a defendant and asserting pendent jurisdiction over the claims against the state defendants. *Id*. The state defendants challenged the jurisdiction of the court, and the Fifth Circuit held that "the new claims against the United States added in the second amended complaint cannot be relied upon to establish subject matter jurisdiction because while a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, amendment may not create subject matter jurisdiction when none exists." *Id*. at 931.

---

[5] Although not cited by Plaintiffs, the Court notes that the First Circuit has held that the time-of-filing rule does not apply where a plaintiff amends a claim as of right to properly assert a federal question. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 92–94 (1st Cir. 2008). The First Circuit noted that "nothing in the [*Grupo Dataflux*] opinion intimates that the Court meant to extend the rule wholesale beyond the frontiers of the diversity context" and that "no court has ever read the time-of-filing rule to bar a plaintiff from switching jurisdictional horses before any jurisdictional issue has been raised." *Id.* at 92–93. However, as explained in footnote three of this opinion, the Fifth Circuit has suggested, if not outright held, that *Grupo Dataflux* did not limit the time-of-filing rule to diversity cases. *Spear Mktg., Inc.*, 791 F.3d at 593. More importantly, the Court has not found a Fifth Circuit case suggesting that the time-of-filing rule is altered based on the mechanism of amendment or by the nature of jurisdiction asserted. To the contrary, in *Katrina Canal Breaches*, the Fifth Circuit suggested that jurisdiction could not be created by a consent amendment (which, like an amendment as-of-right, does not require court intervention). 342 Fed. App'x at 931 (noting that the amendment was unopposed). Further, this matter is distinguishable from *Connectu LLC* in that here, Defendants challenged the issue of jurisdiction *before* the filing of the amended complaint. *See* Doc. #25 at 8; Doc. #43.

Here, the Court lacked jurisdiction over the original complaint in this action and, as recognized in *Katrina Canal Breaches*, the lack of jurisdiction could not be remedied by Plaintiffs filing an amended complaint asserting an entirely new claim against an entirely new defendant. *Id*.

Because this Court lacked jurisdiction at the time the original complaint was filed, the time-of-filing rule compels the conclusion that this Court lacks jurisdiction over the amended complaint. *Grupo Dataflux*, 541 U.S. at 570. Therefore, the amended complaint, which was filed in an action over which this Court lacks jurisdiction, is a nullity. *Nuance Commc'ns, Inc.*, 2009 WL 1364346, at *2. Thus, this Court lacks jurisdiction[6] over the claim against Rikard asserted in the amended complaint, and Rikard's motion to dismiss for lack of subject matter jurisdiction will be granted.[7] *See Walton v. United States*, 80 Fed. Cl. 251, 276 (2008) (granting 12(b)(1) motion based on grounds raised sua sponte).

## III
## Conclusion

For the reasons above, Rikard's motion to dismiss for lack of jurisdiction, Doc. #95, is **GRANTED** and this matter is **DISMISSED without prejudice.**

---

[6] Having found an absence of jurisdiction based on the rule that jurisdiction may not be created by amendment, the Court declines to consider whether the claim against Rikard is barred by sovereign immunity. *Boe*, 642 F.2d at 279 n.5.

[7] In 1941, the Second Circuit, in deciding a class action case, cited the "wide and flexible content given to the concept of action under the new rules" and declined to strictly apply the "purely formal" rule that "one cannot amend a nonexistent action." *Hackner v. Guar. Trust. Co. of N.Y.*, 117 F.2d 95, 98 (2d Cir. 1941). The Second Circuit noted that "no formidable obstacle to a continuance of the suit appears … whether the matter is treated as one of amendment or of power of the court to add or substitute parties, Federal Rule 21, or of commencement of a new action by filing a complaint with the clerk, Rule 3." *Id*. However, the Fifth Circuit seemed to restrict the reach of *Hackner* to cases where "neither the class nor cause of action was changed in the amended complaint." *Summitt Office Park, Inc. v. U.S. Steep Corp.*, 639 F.2d 1278, 1283 n.12 (5th Cir. 1981). Thus, even if the general holding of *Hackner* (that jurisdiction may be created based on the addition of a new claim) could be applied outside the class action context, it would not apply where, as here, the amended complaint asserts a new claim against a new defendant.

SO ORDERED, this 22nd day of December, 2015.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**