IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

16 FRONT STREET LLC and                                             PLAINTIFFS
C. RICHARD COTTON

V.                                                                  NO. 1:14-CV-00183-DMB-DAS

MISSISSIPPI SILICON, LLC, and
GARY C. RIKARD, Executive Director,
Mississippi Department of Environmental
Quality, in his Official Capacity and as
Executive Director of the Mississippi
Environmental Quality Permit Board                                  DEFENDANTS

**ORDER**

This Clean Air Act action is before the Court on Defendant Mississippi Silicon, LLC's motion for attorney's fees, Doc. #115; and Plaintiffs' motion for leave to file a sur-rebuttal, Doc. #121. For the reasons below, both motions will be denied.

**I**
**Relevant Procedural History**

Of relevance to this order,[1] on September 29, 2014, Plaintiffs 16 Front Street LLC and C. Richard Cotton filed their original complaint against Defendant Mississippi Silicon ("MS Silicon"), alleging federal question jurisdiction under 42 U.S.C. § 7604(a)(3) of the Clean Air Act ("CAA"). Doc. #1 at ¶ 6. Plaintiffs alleged that MS Silicon was constructing a new major emitting facility, a silicon manufacturing plant, without a permit in violation of the CAA and Mississippi state regulations. *Id.* at ¶¶ 65–68. Plaintiffs claimed that deficiencies in the permitting process of the Mississippi Department of Environmental Quality ("MDEQ") violated procedural requirements regarding public participation imposed by the CAA and its

---

[1] A more detailed procedural history is set forth in this Court's July 30, 2015, order. *See* Doc. #111 at 5–11.

implementing regulations, and that MS Silicon's ongoing construction of the plant deviated from the materials MS Silicon submitted to MDEQ in its permit application. *Id.* at ¶¶ 25–60, 66–67. Two days after filing their complaint, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking to halt MS Silicon's construction. Doc. #3. On November 7, 2014, following the submission of extensive briefing,[2] Chief Judge Sharion Aycock[3] issued an order denying Plaintiffs' request for a temporary restraining order, and deferring the request for a preliminary injunction. Doc. #35.

On January 23, 2015, Plaintiffs filed an amended complaint pursuant to Rule 15(a)(1)(B), adding as a defendant Gary Rikard, in his official capacity as Executive Director of MDEQ and its Permit Board. Doc. #69. The amended complaint contained essentially the same allegations against MS Silicon as the original complaint, and added a claim that MDEQ, in the process of granting MS Silicon's permit application, violated the CAA. *Id.* at ¶¶ 79–86.

On March 24, 2015, Rikard, arguing that Plaintiffs' claims were barred by the Eleventh Amendment, filed a motion to dismiss for lack of subject matter jurisdiction.[4] Doc. #95. Plaintiffs timely responded to the motion. Doc. #104. Rikard did not reply.

On July 30, 2015, this Court issued an order dismissing without prejudice the claims against MS Silicon for lack of subject matter jurisdiction. Doc. #111 at 27. In the same order, the Court instructed Plaintiffs and Rikard to submit supplemental briefs addressing whether this Court had subject matter jurisdiction over the claims asserted against Rikard in the amended

---

[2] *See* Doc. #19; Doc. #25; Doc. #29.

[3] This case was initially assigned to Judge Aycock but she recused herself on November 24, 2014. Doc. #49. Following Judge Aycock's recusal, the case was reassigned to the undersigned district judge.

[4] On March 30, 2015, MS Silicon filed a notice "support[ing] and agree[ing]" with Rikard's motion "for the reasons stated therein." Doc. #101.

complaint, including whether the amended complaint may relate back to the original complaint for the purpose of assessing jurisdiction. *Id*.

On August 18, 2015, the parties submitted supplemental briefs addressing the issue of this Court's jurisdiction over Rikard. Doc. #117; Doc. #118. The same day, MS Silicon filed a motion for attorney's fees pursuant to 42 U.S.C. § 7604(d). Doc. #115. Plaintiffs timely responded to the motion for attorney's fees, Doc. #119, and MS Silicon timely replied, Doc. #120.

On September 11, 2015, Plaintiffs filed a motion for leave to file a sur-reply. Doc. #121. Four days later, on September 15, 2015, MS Silicon responded in opposition to the motion for leave. Doc. #122. Plaintiffs did not reply to MS Silicon's response.

Subsequently, on December 22, 2015, this Court granted Rikard's motion to dismiss for lack of jurisdiction. Doc. #123.

## II
## Motion for Leave to File Sur-Reply

"While it is true that the Federal Rules of Civil Procedure do not expressly allow for a surreply by a nonmovant[,] … a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *Elwood v. Cobra Collection Agency*, No. 2:06-cv-91, 2006 WL 3694594, at *7 (S.D. Miss. Dec. 14, 2006). However, "surreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (internal punctuation omitted). Accordingly, the Court must decide whether MS Silicon's reply raised new legal theories or attempted to present new evidence. Such an inquiry necessarily requires consideration of the arguments raised in MS Silicon's initial brief and Plaintiffs' response brief.

In its memorandum in support of its motion for attorney's fees, MS Silicon contends that the Court has discretion to award fees under the CAA, and argues that attorney's fees under the statute are appropriate because it was the prevailing party and because Plaintiffs' claims were "frivolous, unreasonable, or groundless" under *Christanburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Doc. #116 at 1, 3–4. As support for the latter argument, MS Silicon argues that, "[t]o determine whether an action was frivolous, courts have looked to whether the plaintiff established a prima facie case, the defendant offered to settle, and whether the case proceeded to a trial on the merits." *Id*. at 4 (citing *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001)).

In their response to the motion for attorney's fees, Plaintiffs submit that the motion should be denied because: (1) it is premature; (2) the Court lacks jurisdiction to award attorney's fees; (3) MS Silicon did not prevail on the merits; and (4) the action was not groundless under *Christiansburg* because, among other reasons, the Court issued lengthy opinions in this case and such opinions reveal that "the issue was carefully contested, litigated, and argued …." Doc. #119 at 3, 5, 7, 10. Plaintiffs also argue that the three-factor "test in [*Merion*] has never been adopted (or even acknowledged) by any court in the Fifth Circuit." *Id*. at 7 n.5.

In its reply, MS Silicon cites *Sierra Club v. Energy Future Holdings Corp.*,[5] an unpublished decision from the Western District of Texas, as authority for the following propositions: (1) the district court has discretion to award attorney's fees under the CAA; (2) courts in the Fifth Circuit have considered some of the *Merion* factors under the *Christiansburg* inquiry; and (3) extensive briefing is not dispositive in the *Christiansburg* inquiry. *See* Doc. #120 at 2, 8, 9.

---

[5] No. 6:12-cv-108 (W.D. Tex. Aug. 29, 2014) (Doc. #305).

4

In seeking leave for a sur-reply, Plaintiffs argue that "MS Silicon cited, for the first time, the unreported … *Energy Future Holdings* case[, and] Plaintiffs have not had an opportunity to respond to its authority in this matter." Doc. #121 at ¶ 1. MS Silicon responds that a sur-reply is inappropriate because its citations of *Energy Future Holdings* did not raise new issues. Doc. #122 at 2.

A reply's inclusion of "previously un-cited authority" does not justify a sur-reply when the "new" authority is offered "to correct the other side's arguments or supply additional authority." *Sosna v. Bank of Am. N.A.*, No. 10-2374, 2011 WL 1060966, at *6 (D. Kan. Mar. 21 2011). The Court has reviewed MS Silicon's reply in support of the motion for attorney's fees and does not see a new argument or legal theory that would justify a sur-reply. To the contrary, as mentioned above, MS Silicon's citations to *Energy Future Holdings* all either address arguments in Plaintiffs' response brief or provide additional support for arguments raised in the initial brief and motion. Accordingly, Plaintiffs' motion for leave to file a sur-reply, Doc. #121, is denied.

## III
## Motion for Attorney's Fees

Pursuant to 42 U.S.C. § 7604(d) of the CAA, a "court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." When a defendant seeks attorney's fees under this provision, an award will only be "appropriate" when the defendant "prevailed" in the litigation, *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86 (1983);[6] and the underlying action "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," *Christiansburg*,

---

[6] *See also Blue Skies Alliance v. Texas Comm'n on Envtl. Quality*, 265 F. App'x 203, 207 n.2 (5th Cir. 2008).

5

434 U.S. at 423.[7]  As articulated above, Plaintiffs argue that the motion for attorney's fees must be denied because:  (1) it is premature; (2) the Court lacks jurisdiction to award attorney's fees following a dismissal for lack of subject-matter jurisdiction; (3) MS Silicon did not prevail on the merits; and (4) the action was not frivolous, unreasonable, groundless, or continued after becoming frivolous, unreasonable, or groundless.  Doc. #119.  Because this Court concludes that it lacks jurisdiction to award fees under § 7604(d), MS Silicon's motion for attorney's fees must be denied.

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  Accordingly, where a district court lacks jurisdiction to award attorney's fees, it lacks the power to make such an award.  *See Cliburn v. Police Jury Assoc. of La., Inc.*, 165 F.3d 315, 316 (5th Cir. 1999).

There can be no dispute as to the general existence of a district court's jurisdiction to award attorney's fees or costs following a dismissal for lack of jurisdiction.  *See Willy v. Coastal Corp.*, 503 U.S. 131, 136 n.2 & 139 (1992).  For example, following a jurisdictional dismissal, a district court may grant attorney's fees under Rule 11 of the Federal Rules of Civil Procedure or "order the payment of just costs" under 28 U.S.C. § 1919.  *Id.*  Additionally, pursuant to 28 U.S.C. § 1447(c), following a remand, a district court may order "payment of just costs and any actual expenses, including attorney fees …."  However, beyond these and other limited circumstances, "the circuits are divided over whether a district court may award attorneys' fees

---

[7] *Christiansburg* interpreted a fee-shifting provision under Title VII but was later expanded to requests for attorney's fees under 42 U.S.C. § 1988.  *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see also Mylett v. Jeane*, 910 F.2d 296, 299 (5th Cir. 1990).  In *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, the United States Supreme Court held that "in awarding attorney's fees under [§ 7604(d),] the courts should follow the principles and case law governing the award of such fees under 42 U.S.C. § 1988 …."  483 U.S. 711, 713 n.1 (1987).

6

to the defendant in a case over which the court lacks subject matter jurisdiction."[8] *District of Columbia v. Jeppsen ex rel. Jeppsen*, 514 F.3d 1287, 1289 (D.C. Cir. 2008).

### A. Fifth Circuit Jurisprudence on Fee-Shifting Jurisdiction

The parties have not identified, and this Court has been unable to find, a Fifth Circuit decision directly addressing the circuit split.[9] However, two Fifth Circuit decisions strongly suggest that, if given the opportunity, the Court of Appeals would hold that fee-shifting provisions do not, standing alone, confer jurisdiction.

First, in unpublished dicta, the Fifth Circuit observed that "a lack of subject matter jurisdiction over the underlying substantive claim bars a court's jurisdiction over the accompanying § 1988 claim for attorneys' fees."[10] *El Paso Indep. Sch. Dist. v. Berry*, 400 F. App'x 947, 951 n.7 (5th Cir. 2010).

---

[8] The Federal, Second, Sixth, Eighth, and Ninth Circuits have held that, with minor exceptions (such as § 1447(c)), a dismissal for lack of jurisdiction precludes a statutory award of attorney's fees unless the fee-shifting provision itself provides a bases for jurisdiction. *See Zambrano v. I.N.S.*, 282 F.3d 1145, 1150 (9th Cir. 2002) ("We have held that, when the fee-shifting statute does not provide an independent grant of jurisdiction, fee shifting statutes cannot themselves confer subject-matter jurisdiction."); *Keene Corp v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) ("[L]ack of jurisdiction barred an award of attorneys fees under section 1988."); *Greater Detroit Res. Recovery Auth. v. U.S. E.PA.*, 916 F.2d 317, 320 (6th Cir. 1990) ("[U]nless the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction, an appellate court must vacate an award of attorney's fees if the district court did not have subject matter jurisdiction over the litigation."); *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) ("[F]ee shifting provisions cannot themselves confer subject matter jurisdiction. Rather, such provisions must be read in conjunction with substantive statutes to establish proper jurisdiction over fee applications."); *Martin ex rel. Martin v. Sec'y of Health and Human Servs.*, 62 F.3d 1403, 1407 (Fed. Cir. 1995) ("The Martins were barred from filing a petition for compensation under the Vaccine Act. Because the special master had no jurisdiction over the petition, there was no jurisdiction over the request for attorneys' fees and costs."). The Seventh and Tenth Circuits have reached the opposite conclusion. *See Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 926–29 (7th Cir. 2000); *U.S. ex rel. Grynberg v. Praxair, Inc*. 389 F.3d 1038, 1057 (10th Cir. 2004) ("We believe the Seventh Circuit takes the most thoughtful approach …."). While recognizing the split, the Fourth and D.C. Circuits have declined to decide the jurisdictional issue. *Jeppsen ex rel. Jeppsen*, 514 F.3d at 1289; *Wendt v. Leonard*, 431 F.3d 410, 414 (4th Cir. 2005).

[9] In their response brief, Doc. #119 at 3, Plaintiffs cite a case where the Fifth Circuit held that "[s]ince we hold that the district court lacked subject matter jurisdiction over the [state law] claim, it follows that attorney's fees claimed exclusively under this statute are not available." *A.L.T. Corp v. Small Bus. Admin.*, 801 F.2d 1451, 1463 n.21 (5th Cir. 1986). Insofar as the Fifth Circuit's analysis did not reflect whether the rejection of the attorney's fees award was jurisdictional, the opinion is of little value to the instant jurisdictional analysis.

[10] While the proposition in *Berry* is both dicta and unpublished, it may still serve as persuasive authority. *See Soc. of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991) ("Dicta … is persuasive authority …."); *see also United States v. Johnson*, 619 F.3d 469, 473 n.3 (5th Cir. 2010) ("Although unpublished cases from this court

7

Second, in *Cliburn v. Police Jury Association of Louisiana, Inc.*, the Fifth Circuit considered whether a defendant could recover attorney's fees under the fee-shifting provision of the Employee Retirement Income Security Act ("ERISA") when the plaintiff's ERISA claim had been dismissed for lack of jurisdiction. 165 F.3d at 316. In addressing this question, the Fifth Circuit first considered whether the "district court's dismissal of [the ERISA] claims for lack of subject matter jurisdiction [would be] inconsistent with an award of fees and costs under a statute which [allowed for fees under] 'any action under this subchapter.'" *Id.* After concluding that such an award would be inconsistent because lack of jurisdiction necessarily meant there was no "action," the Fifth Circuit held, "Given that the district court lacked jurisdiction to hear [the] claims under ERISA, it logically follows that the court lacked jurisdiction to entertain the … request for fees … under ERISA." *Id.*

*Cliburn's* focus on whether the fee-shifting statute was inconsistent with a dismissal for lack of jurisdiction, and the Fifth Circuit's subsequent conclusion that in the absence of such consistency the district court lacks jurisdiction over the request for fees, necessarily implies that a fee-shifting provision does not, standing alone, form an independent basis for jurisdiction. Rather, the analysis suggests that questions of jurisdiction for fee-shifting statutes must be answered on a statute-by-statute basis. This analysis mirrors the statutory focus of the Second, Sixth, Eighth, and Ninth Circuits, in which courts inquire whether the relevant statute provides an independent basis of jurisdiction.[11]

---

rendered after January 1, 1996, and decisions from other circuit courts are not controlling precedent, they may be considered persuasive authority.").

[11] *See supra* note 8.

Based on the dicta in *Berry*, which interpreted a § 1988 a fee-shifting provision similar to § 7604(d),[12] and the analytical approach of *Cliburn*, the Court concludes that fee-shifting provisions do not create an independent basis for jurisdiction. Therefore, where a party seeks attorney's fees following a jurisdictional dismissal, the Court must consider whether the relevant fee-shifting provision forms an independent basis for jurisdiction.[13] Consistent with *Cliburn*, this inquiry focuses on whether an award of attorney's fees would be inconsistent with a jurisdictional dismissal.[14] *See* 165 F.3d at 316.

### B. Whether § 7604(d) Provides an Independent Basis for Jurisdiction

In considering whether § 7604(d) includes a grant of jurisdiction, the Court begins, as it must, with the plain meaning of the statute. *See Sealed Appellee 1 v. Sealed Appellant 1*, 767 F.3d 418, 421 (5th Cir. 2013) ("When the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language.") (internal punctuation and quotation marks omitted). To this end, "[b]eyond the law

---

[12] Section 1988 and § 7604(d) are interpreted similarly. *See supra* note 7.

[13] Ostensibly, in recognition of the potential impact of *Cliburn* and *Berry* on its motion for attorney's fees, MS Silicon argues that the cases do not "involve[] a fee shifting statute identical to § 7604(d). And none provide any substantive analysis concerning the impact of a jurisdictional dismissal on the authority to award fees …." Doc. #120 at 3. As explained earlier, dicta may still be persuasive. To the extent these two opinions are consistent with each other, reflect the only Fifth Circuit jurisprudence on the issue, and echo the holdings of numerous other circuits, the Court deems the opinions persuasive. *See generally Reg'l Props., Inc. v. Fin. and Real Estate Consulting Co.*, 678 F.2d 552, 558 (5th Cir. 1982) (considering implicit holding and dicta); *see also Musser Davis Land Co. v. Union Pac. Res.*, 201 F.3d 561, 567 (5th Cir. 2000) (noting "[s]everal Louisiana cases contain assumptions, implicit holdings, or dictum to this effect").

[14] This focus on inconsistency with a jurisdictional dismissal is congruous with the Supreme Court's recognition of jurisdiction under Rule 11, § 1919, and § 1447(c). Rule 11 was implemented pursuant to the Rules Enabling Act, which granted the Supreme Court authority "to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts …." 28 U.S.C. § 2072; *see also Willy*, 503 U.S. at 134. The rule itself provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violates the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). 28 U.S.C. § 1919 provides, "Whenever any action or suit is dismissed in any district court … for want of jurisdiction … such court may order the payment of just costs." 28 U.S.C. § 1447(c) states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As drafted, none of these provisions contemplate the existence of jurisdiction in awarding fees. To the contrary, § 1919 and § 1447(c) both explicitly allow for the absence of jurisdiction. Put differently, an award under any of these provisions would not be "inconsistent" with a dismissal for lack of jurisdiction.

itself, dictionary definitions inform the plain meaning of a statute." *United States v. Radley*, 632 F.3d 177, 183 (5th Cir. 2011).

As quoted above, 42 U.S.C. § 7604(d) provides that a "court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." As framed, this provision presupposes the existence of a "final order in any action *brought pursuant to* subsection (a) of this section." The plain meaning of "pursuant to" is "in conformity with." *See Pursuant to*, MERRIAM-WEBSTER.COM, http://www.merriam-webster.com/dictionary/pursuant%20to (last visited, February 17, 2016); *see also* Black's Law Dictionary (10th ed. 2014), "pursuant to" ("In compliance with; in accordance with; under").

Based on the accepted definition of "pursuant to," under the plain meaning of § 7604, an award of attorney's fees under subsection (d) requires that the underlying action have been brought in conformity with subsection (a). Insofar as subsection (a) is the CAA's jurisdictional provision,[15] it is clear the power to award fees under subsection (d) is contingent upon the existence of jurisdiction under subsection (a). It follows that, where, as here, jurisdiction under subsection (a) is lacking, a court may not award attorney's fees under subsection (d). Put differently, as in *Cliburn*, an award of attorney's fees under subsection (d) would be "inconsistent" with a dismissal for lack of subject matter jurisdiction under subsection (a) and, therefore, the fee-shifting provision may not be deemed an independent basis for jurisdiction.[16] 165 F.3d at 316.

---

[15] *See CleanCOALition v. TXU Power*, 536 F.3d 469, 474 (5th Cir. 2008) ("The CAA provides for federal citizen suit jurisdiction in three circumstances.") (citing 42 U.S.C. § 7604(a)).

[16] In reaching this conclusion, the Court notes that § 7604(d)'s explicit reference to, and incorporation of, the CAA's jurisdictional provision distinguishes it from other fee-shifting provisions which have been found to include a

Having concluded that § 7604(d) does not provide an independent basis of jurisdiction under these circumstances, the Court must deny MS Silicon's motion for attorney's fees for lack of jurisdiction.[17]

## IV
## Conclusion

For the reasons above, Plaintiffs' motion for leave to file a sur-reply [121] and Defendants' motion for attorney's fees [115] are **DENIED**.

**SO ORDERED**, this 19th day of February, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

jurisdictional grant. *See Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (Fed. Cir. 2008) (independent jurisdiction over Patent Act fee-shifting provision, 35 U.S.C. § 285, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party"); *see also Berry*, 400 F. App'x at 952 (independent jurisdiction over IDEA fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B), which provides for fees "[i]n any action or proceeding brought under this section").

Furthermore, the conclusion is consistent with the jurisprudence cited above holding that § 1988 does not form an independent basis of jurisdiction, and with the holding of at least one district court to consider whether a court may grant fees under § 7604(d) following a jurisdictional dismissal. *See supra* note 7; *see also Nucor Steel-Arkansas v. Big River Steel, LLC*, 93 F.Supp.3d 983, 992 n.11 (E.D. Ark. 2015) ("Because the Court lacks subject matter jurisdiction, Big River Steel's request for attorney's fees pursuant to 42 U.S.C. § 7604(d) must be denied.") (citing *Greater Detroit Res. Recovery Auth.*, 916 F.2d at 324)).

[17] Because this Court lacks jurisdiction over the motion for attorney's fees, it declines to address the merits of the motion. *See GM Gold & Diamonds LP v. Fabrege Co., Inc.*, 489 F.Supp.2d 725, 726 (S.D. Tex. 2007) ("If the district court determines that it lacks subject-matter jurisdiction, an examination of the merits is unnecessary. And … relief must be denied.").