IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

16 FRONT STREET LLC and                                                                         PLAINTIFFS
C. RICHARD COTTON

V.                                                                                  NO. 1:14-CV-183-DMB-DAS

MISSISSIPPI SILICON, LLC, and
GARY C. RIKARD, Executive Director,
Mississippi Department of Environmental
Quality, in his Official Capacity and as
Executive Director of the Mississippi
Environmental Quality Permit Board                                                              DEFENDANTS

**ORDER OF DISMISSAL**

Before the Court in this Clean Air Act action is the parties' "Joint Motion to Dismiss without Prejudice." Doc. #155.

**I**
**Procedural History**

Of relevance to this order,[1] on September 29, 2014, 16 Front Street LLC and C. Richard Cotton filed their original complaint against Mississippi Silicon ("MS Silicon"), alleging federal question jurisdiction under 42 U.S.C. § 7604(a)(3) of the Clean Air Act ("CAA"). Doc. #1 at ¶ 6. The plaintiffs alleged that MS Silicon was constructing a new major emitting facility, a silicon manufacturing plant, without a permit in violation of the CAA and Mississippi state regulations. *Id.* at ¶¶ 65–68. The plaintiffs claimed that deficiencies in the permitting process of the Mississippi Department of Environmental Quality ("MDEQ") violated procedural requirements regarding public participation imposed by the CAA and its implementing regulations and that MS Silicon's

---

[1] A more detailed procedural history is set forth in this Court's July 30, 2015, order. *See* Doc. #111 at 5–11.

ongoing construction of the plant deviated from the materials MS Silicon submitted to MDEQ in its permit application. *Id.* at ¶¶ 25–60, 66–67.

On January 23, 2015, the plaintiffs filed an amended complaint pursuant to Rule 15(a)(1)(B), adding as a defendant Gary Rikard, in his official capacity as Executive Director of MDEQ and its Permit Board. Doc. #69. The amended complaint contained essentially the same allegations against MS Silicon as the original complaint and added a claim that MDEQ, in the process of granting MS Silicon's permit application, violated the CAA. *Id.* at ¶¶ 79–86.

On July 30, 2015, this Court dismissed for lack of subject matter jurisdiction the claims against MS Silicon. Doc. #111. Approximately five months later, the Court dismissed the claims against Rikard on the ground that "[b]ecause this Court lacked jurisdiction at the time the original complaint was filed, the time-of-filing rule compels the conclusion that this Court lacks jurisdiction over the amended complaint." Doc. #123. The plaintiffs appealed both orders. Doc. #124. On March 30, 2018, the Fifth Circuit affirmed the dismissal of MS Silicon but reversed the dismissal of Rikard and remanded for further proceedings. *16 Front Street, L.L.C. v. Miss. Silicon, L.L.C.*, 886 F.3d 549, 561 (5th Cir. 2018).

Following remand, the parties, referring to ongoing settlement discussions, sought and received three separate stays. *See* Docs. #148, #151, #154. Finally, on November 30, 2018, the plaintiffs filed a "Joint Motion to Dismiss without Prejudice," Doc. #155, and an accompanying memorandum, Doc. #156. Rikard filed a "Notice of Endorsement" for both the motion and the memorandum. Doc. #157; Doc. #158.

## II
## Analysis

The parties' joint motion asks that the Court dismiss the proceedings without prejudice and also enter an agreed order of dismissal. Doc. #155. As grounds for the requested relief, the parties

represent that "MS Silicon has applied for a major modification of its … permit such that there is a new opportunity for public participation in connection with the requested modification." Doc. #156 at 3.

Except under circumstances not at issue here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court believes that the terms of dismissal here—dismissal without prejudice to allow the plaintiffs to challenge MS Silicon's new permit application—are proper under the circumstances. However, the Court declines to enter the proposed agreed order of dismissal, which includes unnecessary verbiage and numerous recitations which have no discernible legal effect.

Accordingly, the joint motion to dismiss [155] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks dismissal of this action without prejudice. The motion is DENIED to the extent it asks the Court to enter the parties' proposed agreed order. This action is **DISMISSED without prejudice**. The Clerk of the Court is directed to close this case.

**SO ORDERED**, this 6th day of December, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**